Judge Ewing
delivered the Opinion of the Court.
Isaac Harrison filed his bill against Woodruff, asserting a r]ght of preemption to a quarter section of land in the land district west of the Tennessee river, by virtue of a settlement thereon, prior to and at the passage of the act of the 14th of January, 1831 — alleging that one. Baker Woodruff had entered the same within the nine months during which time the preemption privilege was secured to him.
The facts in this case are not essentially varient— except in two particulars — from the facts in the case of Johnson vs. Gresham, decided at the last term, by this Court. 5 Dana, 542.
The two particulars in which a diversity exists, are—
First. It is not charged in the bill, nor does it appear in the proof, that a patent has issued to Woodruff.
Second. It is not alleged, or proved, that the complainant, within the nine months, tendered the State price to the Receiver, and offered to enter the land.
First. The statute of the 14th of January, 1831, (Statute Laws, 1064,) makes it unlawful for any other than the actual settler, for nine months next succeeding, to locate arLy qUarter section which has been improved by the J 1 A ^ settler. And. it has been contended .by the counsel for t^ie defendant, that any entry made in violation of the provisions of this act, is null and void; and the Receiver should receive the entry of the settler as if no entry had been made, and if he refuses to do so, the proper and only remedy is by mandamus, to compel him. And that a bill in chancery will not lie to compel a surrender of a void entry.
Though a mandamus would lie, we cannot doubt, up- ° ' . on mature consideration, but that a bill in chancery is a *189 more appropriate remedy. By it alone, can full, final and complete redress be obtained. This Court so determined in the case of Johnson vs. Gresham, where a patent had issued, and many of the reasons then given, will apply with equal force to the case of an entry, where no patent had issued.
By the act of 1825 (Stat. Laws, 1054,) the Reciever is required to k'eep a record of the entries and to give to the locator a printed certificate, describing the quarter entered; upon the presentation of which to the Register, by him, or his assignee, the Register is required to issue a patent “forthwith, as soon as practicable,” and record the certificate in a book ■ to be kept for that purpose.
The certificate, when issued, is made the evidence of title, and the basis of the patent. When once issued, it is' out of the power or control of the Receiver, and may be assigned to any one by the holder, and upon which he may demand and obtain a patent, at any moment, when presented to the Register.
Should a mandamus, therefore, be sued out against the Receiver, to compel him to admit an* entry to be made, and to issue a certificate thereon to the settler, while it is depending, a patent might be at any time demanded and obtained, on the outstanding certificate; and if obtained, a further proceeding in chancery would be necessary — as determined in the case of Johnson vs. Gresham — to obtain a relinquishment, or cancelment, of the outstanding patent. If the patent should not have issued in the mean time, and the Receiver should be compelled to admit the settler to enter, and to grant to him a certificate, then there would be two certificates out.standing, upon both of which the Register could not legally issue patents, and the rights of the holder of the first, or his assignee — not being a party or privy to the proceedings against the Receiver — would not be concluded by the judgment; and being the holder of the elder certificate, might still well demand the patent upon his claim. To compel the Register to issue a patent upon the junior certificate, it would still be further necessary to sue out a mandamus against him. And if he *190 had issued a patent to the holder of the first certificate, having executed the power conferred on him by law, it would certainly be questionable whether he could be compelled to issue a second patent for the same land. And if he could, then there would be two patents outstanding for the same quarter, and the patent, upon the illegal entry, not being declared void, would confer the senior and consequently paramount legal title, and a still further proceeding must be had to nullify it, or enforce a release of the legal title under it.
As an entry in Violation ofasettler ’ s pre-emp tion right, and the certificate on it, are illegal and void, the chancellor may so declare, and direct the certificate to be can-celled — ordering the Receiver to admit the settler's entry. But as this courscyvould require the Receiver to be a party, in numerous cases, it should be avoided. And—
Admitting, therefore, 'that' a mandamus would lie, it would be an exceedingly circuitous remedy, and not at all adequate to the attainment of full, final and complete justice.
It presents, therefore, just such a case as demands the interposition of the chancellor; who may at once bring all necessary parties before him, act upon the parties and their claims, and bring tb a conclusion the whole matter of controversy between them.
The settler has an initiate or inchoate equity. Impediments and obstructions to the emanation and completion of his title, have been thrown in his way, by the illegal act of another — he asks the chancellor to remove them, and aid him in the consummation of his equitable right, and afford protection to his settlement, against this outstanding illegal incumbrance. 1 .
It matters not to him whether it be done by cancelling the void evidence of title, or by compelling the holder to release or assign it to him. But the one or the other mode, and that which shall be deemed most effectual to attain the object, he has a right to ask the chancellor to do.
As the entry is illegal and mid (and consequently the certificate upon it,) when the patent had not issued, it would be effectual, and unquestionably competent, for the chancellor to declare them void, and order them to be cancelled, as the means of removing the impediment tó the consummation of the settler’s equity, and the protection of his possession, and, at the same time, also, or- *191 ¿er the receiver to admit the entry to be 'made by him. But as this course would make it necessary to bring the Receiver before the Court, and involve him, without fault on his part, in many controversies that may arise between the settler and others,- if the same object can be attained in a different form, it should be done.
As the entry made in violation of the settler’s right, is declared void for his benefit, and the certificate is assignable-— the assignee entitled to the patent, & the patent can only be impeached by the settler, or by virtue ofaseniorequity —the ch’r may compel an assignment of the certificate to the settler. It may be anhulled, or considered as a trust for the benefit of the settler, as equitv may require.
A settler whose land has been entered by another, may assert bis preemption, right, in equity, without haying made a formal tender of the price to the Receiver. The Receiver having once received the price, and granted a certificate, could not allow another entry of the same land; nor is it competent for him to decide between the two claimants.
A settler must show that he would have appropriated the land before his preemption expired, hut for the adverse entry, or he cannot succeed against a patent — which is not void by the act, & will yield only to a prior equity.
*191 And as the entry was declared void for the benefit of the settler, and with a view to .his protection, and if a patent shall issue- thereon, no other than the settler or some one-holding an equity senior in date to the emanation of the- grant, could be able successfully to impeach it, and as the certificate is made assignable, and an assignment thereof to the settler, would authorize the Register to issue a patent to him, we can perceive no just objection to ordering the certificate, at once, to' be assigned to him. The same object will be effected, with less circuity, and with equal safety to the title of the settler. Though the certificate - has been' illegally obtained against the rights of the occupant, and may be declared void, a chancellor may- treat it as held in trust for his benefit, and act upon it as such, whenever it may be deemed the most appropriate remedy, and most conducive to the ends of justice — without being restricted to any technical form of proceeding.
Second. We do not believe that it was - indispensably incumbent on the settler to make a formal tender of the money to the Receiver, and an. offer to enter, after the illegal entry was made,'to entitle him to redress. Such tender and offer would have been unavailing. The Receiver having once received the State price on the quarter, and entered it, and granted a certificate, had no legal authority to receive it from another, or allow it again to be entered, or grant a.second certificate. Nor was he invested with the power to judge between the claimants, and disannul an entry once made, upon the assumed ground that the applicant' was a settler. To require him, therefore, to make a formal tender and offer to eriter, would be to requiré him to do an useless and unavailing act.
But as he is alone entitled to a decree upoii the strength of his own equity, he must show, in some form, that he *192 intended and would have appropriated the land, within •the time of his preemption privilege, had he not been obstructed by the illegal entry of his adversary. And if he does not, he cannot succeed against a patent, if one has issued in the mean time. It cannot otherwise be determined that he, has been deprived of any right, or that he may not have intended to remain upon the land, as vacant land, reap the profits, and deprive the State of the price. The grant from the Commonwealth (which is not' declared void by the act,) invests the grantee with the complete legal title, which cannot be overhauled in a court of chancery, except in favor of an anterior and subsisting equity. And as an interval of time was permitted to take place between the termination of the preemptive privilege, under each of the chain of acts on this subject, and the date of the succeeding act; and as each succeeding act is prospective, and affords protection only against future entries, though the settlement was continued, it is not protected against prior grants. The grant is an appropriation of the land, and it is no longer subject to appropriation as vacant land, by subsequent locations.
Several successive acts gave to the settlers preemptive rights— each for a short time, and prospectively-leaving a period af ter the preemption given by each act expired, before the next took effect, when an entry & patent would be good against the settler. But as the adversary entry is void, the settlement is protected by each successive act; and if perfected by an intention and effort to lo cate it, • before the privilege ter minates under the same act, the settler’s equity will overreach the adversary patent issued after the date of the act
A settler’s re maining on the land; his tender of the state price in time, to the holder of the ad verse entry, and suit against him, are sufficient evidence of an-intention and effort to appropriate the land.
But as the adversary entry is declared void, and, while it remains in entry, may be treated as a nullity; the settlement, if continued, is protected by each subsequent act, against such void entry, as well as against future entries. And if the settler’s preemptive privilege under a subsequent act, is perfected by an intention and effort to -locate before his privilege terminates under the same act, his equity will overreach the adversary patent which may issue after the date of the act.
And, as in the case before the Court, it does not appear whether the patent of Woodruff' has yet issued, and as Harrison continued a settler on the quarter, up to the time of filing his bill, and after; the filing of the bill, tender of the State price thereon to Woodruff, and prosecution of his suit, constitute sufficient evidence of intention and effort to appropriate the land under the act of February 20th, .1835. And if Woodruff’s claim remained in entry up to the date of that law, Harrison’s equity Was complete, and he ought to have had a de *193 cree; as by that act his preemptive privilege was protected for nine months from its date, by virtue of his then Settlement. ■
If a def’t against whom a settler asserts a preemption, does not exhibit and rely on apatent, this court will presume that his claim rested in entry at the hearing, or that his patent (if any ) is not available against the set-tier.
Decree directed.
And as the defendant has not exhibited and relied on ■ a patent, or shown that one has issued, or when it issued, but merely sets up and relies on the validity and superiority of his entry, this Court must decide the cause upon the assumption that his claim rested in entry at the hearing below, or, if he had a patent, it issued at a time 'when the complainant had a subsisting equity, and therefore, if exhibited, could not have been available against it, according to the principles settled in this opinion. But as it may have issued since the hearing, or before, and if it has, the decree for,the assignment of the certificate would be inoperative and ineffectual, it is proper to frame the decree, in such form as to attain the end and object of the suit.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and the cause remanded that an interlocutory decree may be rendered, requiring the defendant to produce and assign the land certificate for the quarter in contest, to the complainant, on or before some day, to be fixed, in the ensuing term of the Court, upon the complainant’s paying into Court, to be paid over to the defendant, when the assignment is made, the State price paid by him, and interest thereon, and upon his failure and inability to do so, then that the Court render a decree requiring him, upon like terms, to release and convey, by quit claim deed, all title and interest in said quarter, to the complainant; or render, such other decree as may effectuate the objects of the bill, and also a decree for the costs. And the appellant is entitled to his costs in this Court.