CALEB JONES et al., Plaintiffs in Error, *v.* MARSHALL SMITH, Defendant in Error.

ERROR TO SCOTT.

A defendant to a bill in equity, has a right to file his cross-bill, stating new facts, if those facts are connected with the subject-matter of the original suit, and to make new parties to his cross-bill, if they are affected by the facts therein alleged; and it is error to strike such cross-bill from the files, and to forbid that it be prosecuted.

THIS cause was heard before WOODSON, Judge, at May term, 1850, of the Scott Circuit Court.

M. McCONNEL, for plaintiffs in error.

D. A. SMITH, for defendant in error.

CATON, J.   With the views which we entertain of this case, it is unnecessary to examine its merits.   The original bill was filed by Smith against Jones and wife, and Mr. and Mrs. Armatage, alleging the recovery of two judgments; one in favor of Felton, and the other in favor of Gilham, against Jones and Smith, the latter having been only security for Jones in the causes of action upon which the judgments were rendered. The bill also alleges, that executions were issued on these judgments, which were levied upon certain premises of Jones, the principal, which were sold, and Smith became the purchaser, and that after the expiration of the time for redemption, he took a sheriff's deed.   The bill also shows that a mistake was made in the date of one of the executions, and also that Jones and wife had fraudulently conveyed the tracts of land which Smith had purchased at the sheriff's sale, and some other property, to their daughter, who had subsequently married Armatage. There are some other embarrassments stated to the title acquired by Smith, but this is sufficient to show the question raised by the bill, which prayed that the mistake in the date of the execution might be corrected, and that the conveyance from Jones

and wife to their daughter, might be set aside. Certain tenants in possession of the premises were made defendants, and possession asked to be given to the complainant. The bill was filed in September, 1845. A demurrer was filed to the bill, and overruled. The bill was taken as confessed as to all the defendants, except Jones, who answered in July, 1847. In his answer, he set up substantially the same matters which are stated in the cross-bill, which he subsequently filed. In October, 1847, a replication was filed to this answer. In January, 1848, Jones filed his cross-bill, in which he made Smith, the complainant in the original bill, and Fuller and Gilham, the judgment creditors, defendants. In the cross-bill, the complainant avers the rendition of the judgments substantially as they are stated in the original bill, the issuing of the executions, and the sale thereon, to Smith, &c. But it avers, that previous to the issuing of those executions, the complainant made a contract with each of the judgment creditors, by which he was to give notes for the amount of the judgments, payable at a future day, and to be secured by mortgages upon certain specified property; that, in pursuance of such agreement, he did execute such notes and mortgages, and deliver them to the judgment creditors, and which they still retain; that each of the judgment creditors agreed that the notes and mortgages should be, and were, accepted in full satisfaction of their judgments, and that they would enter satisfaction of record; that, in violation of this agreement, they had refused to enter satisfaction of their judgments, but had wrongfully issued thereon the executions upon which the premises were sold to Smith, and that Smith was cognizant and approved of this arrangement at the time it was made and executed. The cross-bill also states the proceedings pending on the original bill, and prays that the sales to Smith may be set aside, and satisfaction of the judgments entered. These are all of the statements of the cross-bill to which it is deemed necessary to refer. The court, on motion, struck the cross-bill from the files, and refused to require the defendants to answer it, or to allow the complainant to prosecute it, and proceeded to a final determination of the original bill, and entered a decree, correcting the mistake in the execution, and setting aside the deed from Jones and wife to their daughter Elizabeth.

We find in this record a fatal error long antecedent to the final decree, by reason of which all that was finally adjudged became vitiated. That error is found in the decision of the court striking from its records the cross-bill, and refusing the complainant thereon the right to prosecute it. A cross-bill is proper whenever

Jones et al. *v.* Smith.

the defendants, or any or either of them, have equities arising out of the subject-matter of the original suit, which entitle them to affirmative relief, which they cannot obtain in that suit. No fitter case could be imagined for a cross-bill than the one which is presented by these pleadings. The complainant, in the original bill, seeks relief, by having the evidence of his rights perfected, which he claims under a sale, upon two executions issued upon judgments at law. Those rights depend not only upon the validity of the executions themselves, and the sales under them, but also upon the judgments upon which the executions were issued, or may depend upon them if the purchaser was aware of the alleged circumstances affecting them; so that those judgments, executions, and the sale under them, as well as the alleged fraudulent conveyance, and all circumstances and facts connected with them, constitute the subject-matter of the original bill. The complainant, in that bill, claims that he has equitable rights beyond what appear on the face of the proceedings, which are the basis of his rights; and those equitable rights he asks the court to put in a tangible legal form, so that the evidence of them may no longer rest in the memory of witnesses, or in mere testimony of any kind. A mistake had been made in the date of an execution upon which his rights depended. This mistake he sought to have corrected. A fraudulent conveyance had been made, which, so long as it was allowed to stand, showed that he had acquired no title by his purchase. This he asked to have set aside. Jones, on the other hand, insists, that so far from Smith having any equitable rights in the premises beyond what were apparent on the face of the proceedings, he himself had latent rights growing out of the same subject-matter, which it is the duty of a court of equity to make manifest in his favor. That his equities were not only of such a character as to destroy all the claims asserted by Smith, but also entitled him to affirmative relief. The same facts which would destroy Smith's claim to relief, would vindicate his own. That he was the party who was suffering from erroneous appearances, and not Smith. That Smith had too much evidence of legal rights in the premises, instead of not enough. If it be true, as Jones alleges in his cross-bill, that the judgments on which the executions were issued, had been actually paid and satisfied before the executions were issued, and that Smith knew it; then, indeed, Jones was the suffering party, and whatever appearance of right Smith had, was clearly inequitable; and Jones had the right not only to have his assertions investigated, but to have them investigated under such a state of pleading as would entitle him to the full benefit of the

facts proved, in case he should establish them. This could only be done by filing the cross-bill. No doubt, upon his answer, he was at liberty to prove the facts averred, but this would only defeat Smith's claim to relief, while the same facts, if established upon a cross-bill, would entitle him to have satisfaction of the judgments actually entered. Without this, he might be put to the necessity of proving them repeatedly. It is no answer to say that no such case was proved, as Jones alleged in his cross-bill and answer. We must examine and determine this question as it was presented when the decision was made. The question then was, not what the facts in truth were, but what had the party a right to aver, or rather, in what form was it his right to make his averments. In pleading, he had a right to assume their truth, and to plead them in such a way as to be of the most advantage to him when proved.

But finally, it was objected that the cross-bill makes the judgment creditors defendants, who were not parties to the original suit. This is true, and necessarily so. To the original suit they may not have been necessary parties; but when Jones filed his bill, claiming that he had satisfied those judgments before the executions were issued, and prayed to have such satisfaction entered of record, a question was presented affecting their interests as well as Smith's, and they had a right to be heard on that question. The judgment creditors are not strangers to the subject-matter of the original suit; but no questions were presented by the original bill, growing out of that subject-matter with which they were connected, affecting their interests, and hence it was not necessary then to make them parties. It was time enough to bring them before the court when questions were presented affecting their interests. Such a case may not often arise, making it necessary to bring in new parties to a cross-bill; but when it does arise, the well established and universally recognized rule of chancery pleading requires that the new parties shall be brought in, and allowed to controvert the new allegations, and resist a decree prejudicial to their interests. We have not looked for precedents for a practice so imperatively required by the reason of the law, and the law itself. It is not introducing new and independent matter into the cross-bill, and new parties, for the purpose of answering that new matter, but it is presenting new facts connected with the subject-matter of the original bill, and answering it, and new parties whose interests may be likewise affected by the new allegations. Were a precedent wanted for this practice, we are prepared to furnish it. But counsel have referred us to the case of Blodget *v.* Hobert, 18 Vermont, 414, where a new party was brought in by a

cross-bill, and if the court did not examine the question and expressly affirm the practice, it was because the counsel did not raise the objection.

The decree must be reversed, and the suit remanded, and the defendants in the cross-bill required to answer it.

*Decree reversed.*