Hurd et al. *v.* Case.

## HARVEY B. HURD et al.

*v.*

## THEODORE P. CASE.

1. PRIOR AND JUNIOR INCUMBRANCERS — *their rights as between themselves.* The holder of a mortgage upon land, which contained a power of sale, filed his bill in chancery to foreclose, making a junior mortgagee party defendant. Pending the suit, the prior mortgagee sold the premises under the power of sale contained in his mortgage, a third person becoming the purchaser. The junior mortgagee answered the bill and filed his cross-bill, making the purchaser under the prior mortgage a defendant, and praying that the sale to him be set aside; that he be allowed to redeem, and that the prior mortgage be assigned to him upon his paying the amount due thereon. *Held*, that the junior mortgagee was entitled to the relief sought.

2. NOTICE TO PURCHASERS — *pendente lite.* The pendency of the suit was notice to the purchaser under the prior mortgage, so as to subordinate the rights he acquired by the purchase to any decree which might be made in that suit.

3. SALES UNDER POWER IN MORTGAGE — *set aside for unfairness.* Such sales will be set aside for any appearance of unfairness, as was shown here — the resort to equity to foreclose his mortgage having a tendency to lull the defendant into a false security in regard to any other mode of sale by the prior mortgagee.

4. CROSS-BILL — *of its character and object.* A cross-bill must be confined to the subject matter of the original bill.

5. So, in this case, the cross-bill was properly filed. The original bill was to foreclose a prior mortgage; the junior mortgagee sought relief against a sale made by the prior mortgagee, pending the suit, under the power of sale in his mortgage, and for leave to redeem from the prior mortgage. The cross-bill was confined to the subject matter of the original bill, and its scope and object within the purpose of a cross-bill.

6. Where a defendant in chancery is entitled to affirmative relief, he can obtain it only by means of a cross-bill; and it is not essential or usual that all the facts which go to show him entitled to the relief, appear in the original bill.

7. PARTIES TO CROSS-BILLS. New parties may be brought in by cross-bill, who were not parties to the original bill. So, in this case, the purchaser under the prior mortgage was an indispensable party to the cross-bill.

WRIT OF ERROR to the Superior Court of Chicago.

John H. Brown being indebted to Theodore P. Case, the defendant in error, in the sum of $2,500, on the 23d day of February, 1862, executed a mortgage to the latter to secure the same, upon certain real estate situated in the city of Chicago. This mortgage conferred the power of sale upon Case, the mortgagee, in the event of non-payment.

Subsequently to the execution of the mortgage to Case, Brown conveyed the same premises to Harvey B. Hurd in trust, to secure a debt he was owing to Daniel Tracy.

After the execution of the deed of trust to Hurd, in November, 1862, Case, the prior mortgagee, exhibited his bill in chancery in the court below, setting forth the interest of Hurd and Tracy as subsequent incumbrancers, and making them defendants, and praying a foreclosure of his mortgage.

Pending this proceeding, Case advertised the property for sale under the power conferred by his mortgage, and on the 5th of February, 1863, sold it to James Otis, at public auction, to satisfy his debt. Several days after the sale to Otis, the suit for foreclosure being still pending, the defendant answered the bill, admitting the existence of the complainant's mortgage and the indebtedness, and that the debt was due. They at the same time filed their cross-bill, setting up their deed of trust, and alleging that a portion of the debt to Case had been paid, and prayed a discovery of the amount actually due him under his mortgage. The cross-bill also set up the sale *pendente lite* to Otis, making him a defendant, and asked that he be decreed to release and convey to them, or to the mortgagee; that the sale be set aside; that they be let in to redeem the premises upon payment of the amount due to Case, and that he be required to assign his mortgage to them as security for the redemption money.

Otis answered the cross-bill, resisting the setting aside of the sale to him. Case interposed a demurrer to the cross-bill. The court sustained the demurrer and entered a decree dismissing the cross-bill. Thereupon, Case dismissed his original bill.

Hurd and Tracy bring the case to this court by writ of error, and insist:

1. The court erred in sustaining the demurrer to the cross-bill.

2. The court erred in dismissing the cross-bill.

3. The court erred in not granting the relief prayed by the cross-bill.

Messrs. HURD & BOOTH, for the plaintiffs in error, contended that the defendants to the original bill to foreclose, being subsequent incumbrancers, might redeem from the mortgage sought to be foreclosed; that being so, they could file a cross-bill for that purpose.

The complainant, the prior mortgagee, could not, by assigning, encumbering or disposing of his interest in the mortgage, cut off such right of redemption; nor, by changing the parties in interest, take away the right to file a cross-bill.

The cross-bill has due relation to the subject matter of the original bill, and was good as a bill of discovery against Case as to the amount due him.

Otis had notice of the rights of the defendants, being a purchaser *pendente lite.* The sale to him ought to be set aside for unfairness.

Mr. EDWARD S. ISHAM, for the defendant in error, insisted that the subject matter of the cross-bill did not bear sufficient relation to that of the original bill to authorize the granting of the affirmative relief thereby sought. A cross-bill, the counsel said, lies to obtain discovery necessary to a defense against the original bill; or to introduce matter growing out of the original bill, either in *bar* of that bill, or to *qualify the decree* to be made thereon. This is neither one nor the other. It is not an equity growing out of the claim set up in the original bill, nor has it any bearing in defense or qualification of the claim therein set up.

The discovery sought is not for the purpose of defending against the complainant's mortgage, but that the defendants may know how much they must tender to redeem from Otis.

As to the general objects and scope of a cross-bill, the counsel cited Story's Eq. Pl., § 389; Welford's Eq. Pl. 223, 228,

230; Adam's Eq. 304 *n.* 2; *Galatian* v. *Erwin*, 1 Hopk. 48, S. C.; *Draper* v. *Gordon*, 4 Sandf. Ch. 210; *Slason* v. *Wright*, 14 Vermont, 208; *Rutland* v. *Paige*, 25 ib. 181; 3 Daniell's Ch. Pr. 1742; 6 Dana, 186. The following authorities show the extent of the qualification of the rule: Welford's Eq. Pl. 226; Adam's Eq. 402; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 335; 15 Ala. 501; 1 Geo. 478.

A new party was improperly brought in by the cross-bill. The case of *Jones* v. *Smith*, 14 Ill. 229, does not sustain this case, because here the cross-bill does "introduce new and independent matter and new parties for the purpose of answering that new matter."

Mr. Chief Justice Caton delivered the opinion of the Court:

Case held a mortgage on the premises in question, containing a power of sale. Junior to this, Hurd and Tracy held a trust deed or mortgage. Case filed a bill to foreclose his mortgage, making Hurd and Tracy defendants, as subsequent incumbrancers. Pending this suit, Case advertised and sold the property under the power of sale contained in his mortgage and Otis became the purchaser. A few days after the sale, and while the original bill was still pending, Hurd and Tracy filed their answer, admitting Case's mortgage and that it was not fully paid, and they also filed a cross-bill, setting forth the facts as stated, asking for a discovery of the amount due upon Case's mortgage, making Otis a party, thereby asking that the sale to him be set aside, and that they be permitted to redeem, and that the Case mortgage be assigned to them upon their paying the amount due thereon. To this cross-bill a demurrer was sustained, and the complainants in the original suit permitted to dismiss that bill, upon which the case is brought here for review.

If this cross-bill was properly filed, there can be no doubt that the complainants in it were entitled to the relief sought. The pendency of that suit was notice to Otis, the purchaser, so as to subordinate the rights he acquired by the purchase, to any decree which might be made in that suit. We have often said

that such sales must be held subject to the strictest scrutiny, and will be set aside for any appearance of unfairness. The very fact of putting the subsequent incumbrancers to defend a bill to foreclose the mortgage, tended to lull them to security against any proceeding to sell the premises under the power of sale contained in the mortgage. We cannot sanction a practice fraught with such danger to unsuspecting parties, however innocent may have been the design in this particular case.

Two objections are urged to the cross-bill. First, that it introduces new matter not germane to the matter of the original bill, and second, that it makes Otis a defendant, who was not a party to the original bill.

A cross-bill must, no doubt, be confined to the subject matter of the original bill. A subject matter of litigation, foreign to the subject matter of the original bill, must not be admitted into a cross-bill. Here the subject matter of the original bill was this mortgage, to foreclose which it was filed. If the subject matter of the cross-bill were the specific performance of a contract for the sale of other lands, it would have no connection with the subject matter of the original bill. Being foreign to such subject matter, it would not be a proper subject of litigation for a cross-bill. Here, the subject matter of the cross-bill is the same as in the original bill, it only goes further and states additional facts in relation to that subject matter, which shows that the complainants in the cross-bill are entitled to affirmative relief. Such is the legitimate object of a cross-bill. When a defendant is entitled to affirmative relief in respect to the subject matter of the original suit, he can only obtain it by means of a cross-bill, and it is very rare that all the facts which would entitle the defendant to such affirmative relief appears in the original bill, but almost invariably they have to be stated for the first time in the cross-bill, and the only limitation as to such new averments is that they must grow out of, and be connected with, the subject matter of the original bill. Here they are not foreign to it, but directly connected with the original matter. Indeed, a more appropriate case for a cross-bill could hardly be imagined.

7

Nor is it an objection that Otis was made a defendant in the cross-bill. If a precedent were wanting for bringing in new parties in the cross-bill, one is found in *Jones* v. *Smith*, 14 Ill. 229. By his purchase, *pendente lite*, he became an indispensable party to the cross-bill, in view of the relief which was sought. If this necessity does not often exist, in that case and in this, we find it may exist, when, necessarily, the practice must be admitted.

The decrees dismissing the original bill and sustaining the demurrer to and dismissing the cross-bill, are reversed, and the suit remanded.

*Decree reversed.*