C. A. COBB & others *vs.* N. BAXTER, JR., & others.

October Term, 1873.

CROSS-BILL BEFORE ANSWER.—It is no ground of demurrer to a cross-bill that it has been filed before answering the original bill.

CROSS-BILL—NEW PARTIES.—It is a good ground of demurrer to a cross-bill that it undertakes to bring in as defendants new parties who are neither complainants nor defendants to the original bill. [See note at end of case.]

*A. F. Whitman,* for complainants.

*Jno. Lellyett,* for defendants.

THE CHANCELLOR: —This case is before me upon demurrer to the cross-bill of the defendants, in which the causes assigned are :

1st. That the cross-bill undertakes to bring in as defendants new parties who are neither complainants nor defendants to the original bill.

2d. That the cross-bill is filed before an answer had been put on to the original bill.

I know of no law that makes the filing of a cross-bill before answer a ground of demurrer, nor can I imagine any reason why the priority should be a ground of objection. On the contrary, it might well be that a defendant to an original suit might require the active interposition of the court in some matter of defense, by its extraordinary process, before the time fixed by the rules of practice for filing an answer. Chancellor Walworth, in a learned opinion in *White* v. *Buloid,* 2 Paige, 164, informs us that the bill and cross-bill were derived from the civil law, and answer to the *conventio* and *reconventio* in the Roman tribunal. "If the *reconventio,* he says, came in before the *litis contestatio,* or joining

of the issue in the suit, it was in time, and both causes went on *pari passu*. It is from this we find in the old books of practice that the cross-bill should be filed *before* or at the time of answering the original bill, which generally answered to the *litis contestatio* of the Roman law." 2 Bro. C. & A. L. 348 ; How. Eq., side, 287. This language is quoted in the body of the text, so far as it speaks of filing the cross-bill "before or at the time of answering in the original suit," in the late editions of Danl. Ch. Pr. (See p. 1,650 of the 3d ed.) There is nothing, therefore, in this ground of demurrer.

The other ground of demurrer deserves more consideration. Text writers all agree that: "A cross-bill *ex vi terminorum*, implies a bill brought by a defendant against the plaintiff in the same suit, or against other defendants in the same suit, or both, touching the matters in question in the original bill." Sto. Eq. Pl., § 389 ; 3 Danl. Ch. P. 1,742, page 1,647 of the 3d ed. And upon this subject Curtis, Justice, uses the following language in *Shields* v. *Barrow*, 17 How. 145 : "New parties cannot be introduced into a cause by a cross-bill. If the plaintiff desires to make new parties, he amends his bill and makes them. If the interest of the defendant requires their presence he takes the objection of non-joinder, and the complainant is forced to amend or his bill is dismissed. If at the hearing the court finds that an indispensable party is not on the record, it refuses to proceed. These remedies cover the whole subject, and a cross-bill to make new parties is not only improper and irregular, but wholly unnecessary."

The conclusions thus enunciated seem to be well founded in principle. For a cross-bill is confessedly only a mode of defense, and a dependency upon the original suit, constituting with the latter but one cause, and it must be confined to the subject-matter of the original bill, and cannot introduce new and distinct matter not therein embraced, and if it do so, no decree can be founded on these matters. Danl. Ch. Pr. 1,647, 1,649, 3d ed. The reason for these rules

has been well put by Chancellor Sandford in the leading case of *Galatian* v. *Erwin,* Hopk. 48, affirmed by the court of errors in 8 Cow. 361. The original bill in that case was filed by two mortgagees, claiming under one Erwin, of parts of a large body of lands bought by Erwin at a sale for partition of the lands of infants at his own instance as their guardian. One of these infants, who was made defendant to the original bill, filed a cross-bill in which she not only sought to resist the foreclosure of the complainants' mortgages, but to have the purchase by Erwin of the entire land set aside as fraudulent and void. "This course," says the Chancellor, "would treat the cross-bill as an original bill for relief upon all matters stated in it, and these matters are to a great extent different from the subjects of the original suit. A cross-bill is a defense, and, being so considered, is confined to the matters in litigation in the original suit. Without this restriction, new matters might be introduced into a litigation by cross-suits without end. As a defense to the original suit, this cross-suit is entirely proper; but it cannot be converted into a distinct suit relative to other land, or become the foundation of a decree concerning matters not embraced in the original suit. The original suit is founded on two mortgages, and no decree beyond those subjects of controversy can be here made." To the same effect are *Daniel* v. *Morrison,* 6 Dana, 189; *May* v. *Armstrong,* 3 J. J. Mar. 262; *Andrews* v. *Hobson,* 23 Ala. 219; *Josey* v. *Rogers,* 13 Ga. 478.

There are, however, two decisions of the Supreme Court of Illinois which, while conceding that the cross-bill must be confined to the subject-matter of the original bill, expressly decides that new parties may be brought in by the cross-bill. The first of these decisions was made in *Jones* v. *Smith,* 14 Ill. 229. There, the original bill was filed by a purchaser of land at execution sale against the judgment-debtor and third persons claiming the land under him, to correct an error in the proceedings, and to set aside the conveyances to third persons as fraudulent. The cross-bill was by the judgment-

debtor setting up an arrangement by note and mortgage with the execution-creditors, by which, it was claimed, the judgment under which the sale was made was satisfied, and the judgment-creditors were made parties defendant. The court held, that a defendant to a bill in equity has a right to file his cross-bill stating new facts, if those facts are connected with the subject-matter of the original suit, and to make new parties to his cross-bill if they are affected by the facts therein alleged. "This is not," say the court, "introducing new and independent matter into the the cross-bill, and new parties for the purpose of answering this new matter, but it is presenting new facts connected with the subject-matter of the original bill and answering it, and new parties whose interest may be likewise affected by the new allegations." "Were a precedent wanted for this practice," the court boldly add, "we are prepared to furnish it"—by their then decision.

This ruling was followed in *Hurd* v. *Case, 32* Ill. 45. Case held a mortgage with power of sale, and Hurd was a junior mortgagee of the same property. Case filed his bill for foreclosure, making Hurd a defendant, and afterwards sold under the power of sale. Hurd answered and filed a cross-bill, stating the facts, making the purchaser a party defendant, admitting that Case's mortgage was not fully paid, asking for a discovery of the amount due, that the sale be set aside, that he be permitted to redeem, and that Case's mortgage be assigned to him upon paying the amount due thereon. The court below sustained a demurrer to the cross-bill, and thereupon Case dismissed his original bill. *Held,* error, and the relief prayed in the cross-bill was granted.

"A cross-bill," say the court, "must, no doubt, be confined to the subject-matter of the original bill. Here, the subject-matter of the original bill was this mortgage, to foreclose which it was filed, and the subject-matter of the cross-bill is the same as in the original bill. It only goes further, and states additional facts in relation to that subject-matter, which shows that the complainant in the cross-bill is entitled to effective relief. Such is the legitimate object of a cross-bill.

When a defendant is entitled to effective relief in respect to the subject-matter of the original suit, he can only obtain it by means of a cross-bill, and it is very rare that all the facts which would entitle the defendant to such effective relief appears in the original bill, but almost invariably they have to be stated for the first time in the cross-bill, and the only limitations as to such new averments is that they must grow out of, and be connected with, the subject-matter of the original bill. Here they are not foreign to it, but directly connected with the original matter.''

This reasoning seems, at first sight, to be sound, and that we might safely modify the general rule prohibiting the bringing in of new parties by cross-bill, so as to permit it to be done when the subject-matter of the cross-bill is strictly confined to the subject-matter of the original bill. But, upon reflection, it will be found that the exception exposes us to the danger which the rule was intended to obviate. '' Without this restriction, says Chancellor Sandford, new matters might be introduced into a litigation by cross-suit without end.'' But if you bring new parties into the suit upon new equities between them and the original defendants, even if these equities be confined to the subject-matter of the original bill, you open the door to '' litigation by cross-suit without end,'' as effectually, though not as invariably, as if the new equities were about a new subject-matter. For, the new parties may have a right to resist the equity of the cross-bill, although touching the subject-matter of the original suit, precisely as they might have such right in regard to new matter. And in order to make their defense effective, it might be necessary for them to ask for a discovery from the complainants in the cross-bill, or for positive relief, which can only be had by a cross-bill. And so we might have a second cross-suit about the same matter, and so on '' without end.'' This precise result did occur in this court under my predecessor in a bill filed touching the estate of one H. C. Jackson. The safe rule is to adhere to the practice which comes to us clothed with the wisdom of ages.

No injury can possibly result from adhering to the ancient land-marks. For, if, in any case, the modes of procedure suggested by Mr. Justice Curtis in *Shields* v. *Barrow*, as above quoted, should prove inadequate for the exigency, the defendant may always resort to an original bill.

I am of opinion, therefore, that the demurrer in this case is well taken, and the cross-bill must be dismissed.

This renders it unnecessary to consider whether the cross-bill in this case falls within the exception made by the Illinois decisions.

NOTE.—Previous to this decision, the same question as the one just discussed came before the supreme court, and was passed upon by that court, of which fact the Chancellor was not then advised, otherwise he should have conformed his rulings to the intimation of that court. The demurrer, in the case referred to, was to the cross-bill because it brought in new parties, not made so by the original bill, nor interested in the subject-matter of that bill. The chancellor had sustained the demurrer. The supreme court, through McFarland, J., say: " The elementary authorities hold that a cross-bill must be confined to matters growing out of the original bill; and, according to some authorities, new parties cannot be introduced into a cause by a cross-bill. See 2 Danl. Ch. Pr., 1,647, citing 17 How. 145. But under our practice, we should not be inclined to carry the doctrine so far." 7 Heisk. 121.