THE PEORIA AND SPRINGFIELD RAILROAD COMPANY.
v.
WILLIAM F. BRYAN ET AL.

PRACTICE IN CHANCERY—CROSS-BILL —Where the cross-bill of the defendant sets up new matter which is intimately connected with the subject-matter of the original bill, and which if true as alleged entitles the defendant to affirmative relief, it is error to strike it from the files and refuse leave to defendant to refile and prosecute it.

ERROR to the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding. Opinion filed January 7, 1880.

Mr. B. S. PRETTYMAN and Messrs. BLOOMFIELD & HUGHES, for plaintiff in error; that the assignee of commercial paper secured by mortgage, takes it subject to all defenses in a court of equity that exist between the maker and payee, cited Olds v. Cummings, 31 Ill. 189; Haskell v. Brown, 65 Ill. 29; Thompson v. Shoemaker, 68 Ill. 256; Bryant v. Vix, 83 Ill. 11; Sargent v. Howe, 21 Ill. 148; Kleeman v. Frisbie, 63 Ill. 482.

A defense at law could be interposed to these bonds, because they have never been transferred by indorsement: Peck v. Bligh, 37 Ill. 319; Garvin v. Wiswell, 83 Ill. 215; First Nat. Bank v. Strang, 72 Ill. 559; Smith v. Bridges, Breese, 18; Mayo v. Chenowith, Breese, 200; Sappington v. Pulliam, 3 Scam. 385; Walters v. Short, 5 Gilm. 252; Adams v. King, 16 Ill. 169.

The bonds were void for want of delivery to the payee: Edwards on Bills, 188; Chamberlain v. Hopps, 8 Vt. 94; Hunt v. Weir, 29 Ill. 83; Foy v. Blackstone, 31 Ill. 538; Ludwig v. McKee, 32 Ill. 28.

The bonds were detained by collusion, and fraudulently divided between T. and his partner: Chipman v. Tucker, 38 Wis. 43; Roberts v. McGrath, 38 Wis. 52; Roberts v. Wood, 38 Wis. 60.

Want or failure, in whole or in part, of consideration, may

be set up as a defense to the bonds on a foreclosure: Wearse v. Pierce, 24 Pick. 141; Conwell v. Clifford, 45 Ind. 392; Smith v. Newton, 38 Ill. 230; Weaver v. Watson, 48 Ill. 125.

The present bondholders get no better rights than the parties from whom they received them: Schafer v. Reilly, 50 N. Y. 61; Mullison's Est. 68 Pa. St. 212; Craver v. Wilson, 14 Abb. Pr. 274; 1 Jones on Mortgages, § 612.

No indebtedness arose, because the contract was not completed: Finegan v. Engle, 8 Fla. 413; Boody v. Rutland R. R. Co. 24 Vt. 660; Cox v. W. P. R. R. Co. 44 Cal. 18.

T., as director of the railroad company could not waive any of its rights against T. G. & Co., of which he was a member, so as to estop the railroad company: Bank v. Norton, 1 Hill, 572; Salem Bank, v. G. Bank, 17 Mass. 1; Fulton Bank v. N. Y. & S. Canal Co. 4 Paige, 127; Boom v. City of Utica, 2 Barb. 104; Wright v. Ga. R. R. Co. 34 Ga. 330; Stewart v. Huntington, 11 Serg. and R. 267; Crump v. U. S. Mining Co. 7 Gratt. 352; Walworth v. F. L. & T. Co. 14 Wis. 325; Blen v. B. River Co. 20 Cal. 602; Farmers' Bank v. McKee, 2 Pa. St. 318; Bacon v. Miss. Ins. Co. 31 Miss. 116; Olney v. Chadsey, 7 R. I. 224; Brown v. Appleby, 1 Sandf. Ch. 158; McEvers v. Lawrence, Hoffman's Ch. 172; 1 Abb. Dig. Cor. 528.

A ratification of unauthorized acts of its officers can only be made by the corporation itself: State of Illinois v. Delafield, 8 Paige, 527; Jewett v. Alton, 7 N. H. 253; Reg. v. Overseers, etc. 40 E. L. & Eq. 145.

None of the acts of the company's officers constitute an estoppel: Bigelow on Estoppel, 480; Ball v. Hooten, 85 Ill. 159; Chandler v. White, 84 Ill. 435; St. J. Mfg. Co. v. Daggett, 84 Ill. 556; Wade v. Bunn, 84 Ill. 117.

Appointment of a receiver suspends corporate functions: High on Receivers, § 750; Gravestein's App. 49 Pa. St. 310.

It was error to order a sale of the railroad on credit, without redemption: Rev. Stat. 1874, 623; Farrell v. Parler, 50 Ill. 274; Wolf v. Hogden, 24 Ill. 525; Karnes v. Lloyd, 52 Ill. 113.

It was error to strike the cross-bill from the files: Higgins v. Curtiss, 82 Ill. 28; Jones v. Smith, 14 Ill. 229; McConnell v. Hodson, 2 Gilm. 640; Ballard v. Underhill, 3 Scam. 453; Hill's Chancery, 175.

Messrs. HOPKINS & MORRON, Mr. L. W. JAMES and Mr. WILLIAM F. BRYAN, for defendants in error, against the right to interpose defenses to the bonds in the hands of an assignee, cited 1 Daniell on Negotiable Instruments, § 834; 2 Jones on Mortgages § 1485; Carpenter v. Logan, 16 Wall. 271; Endicott v. Supervisors, 16 Wall. 458; Taylor v. Perry, 6 Allen, 86; Pierce v. Force, 47 Me. 507; Reeves v. Smiley, Walker's Chancery, 248; ———— v. Grayville, 2 Mich. 387; Bloomer v. Henderson, 8 Mich. 395; Fisher v. Otis, 3 Chand. 83; Martin v. McCullom, 4 Chand. 153; Croft v. Bunster, 9 Wis. 503; Cornell v. Hutchins, 11 Wis. 353.

The railroad company has contracted itself out of its right to set up equities: Green's Brice on Ultra Vires, 163; McElrath v. P. & S. R. R. Co. 55 Pa. St. 206; Sappington v. Pulliam, 3 Scam. 386; Rumball v. Met. Bank, 20 Eng. R. 194; Crouch v. Credit Foncier, 6 Eng. R. 107; Johnson v. Stark Co. 24 Ill. 85; City of Pekin v. Reynolds, 31 Ill. 530; Jones v. Nellis, 41 Ill. 482; Garvin v. Wiswell, 83 Ill. 215; Smith v. Johnson, Breese, 18; Mercer Co. v. Hackett, 1 Wall. 83; Gelpecke v. Dubuque, 1 Wall. 206; Mussey v. Lardner, 2 Wall. 205; White v. V. & M. R. R. Co. 21 How. 577; Commonwealth v. Pittsburg, 34 Pa. St. 519; Commonwealth v. Allegheny Co. 37 Pa. St. 237; 2 Parsons on Notes, 33; Storey on Prom. Notes, § 43; 1 Daniell on Negotiable Instruments, § 99; Illinois v. Delafield, 8 Paige, 527; Bank of Rome v. Rome, 19 N. Y. 30; Brainerd v. N. Y. & N. H. R. R. Co. 25 N. Y. 496; Andrews v. Pond, 13 Pet. 65; Bell v. Bruen, 1 How. 169.

Being payable to the holder or bearer, the payee of the bonds is any person who comes into lawful possession of them: 1 Parsons on Bills, 30; 1 Daniell on Negotiable Instruments, § 99; Story on Prom. Notes, § 43.

Having been negotiated in the ordinary course of business, without notice, the bonds are unaffected by any irregularities in their delivery: Jones v. Nellis, 41 Ill. 482; Shipley v. Carroll, 45 Ill. 285; Clark v. Johnson, 54 Ill. 296; Garvin v. Wiswell, 83 Ill. 515; Murray v. Lardner, 2 Wall. 110; Stanton v. A. & C. R. R. Co. 2 Woods, 523; 1 Daniell on Negotiable Instruments, § 769; 2 Parsons on Notes, 42.

The burden of proof is upon defendant to show that plaintiffs are not *bona fide* holders of the bonds: Swift v. Tyson, 161 Conn. 1; Murray v. Lardner, 2 Wall. 110; 2 Daniell on Negotiable Instruments, § 1503; 1 Parsons on Notes, 255.

The assignee of a note secured by mortgage takes the latter subject only to the same defenses as the instrument, to secure which it was made, is subject: 1 Jones on Mortgages, § 834; 1 Hilliard on Mortgages, 171: Carpenter v. Longan, 16 Wall. 275; Mercer county v. Hackett, 1 Wall. 83; City of Elizabeth v. Force, Monthly Jur. Dec. 1878; Cushman v. Stone, 69 Ill. 516.

The same is true of railroad bonds and mortgages: Palmer v. Forbes, 23 Ill. 301; McElrath v. P. & S. R. R. Co. 55 Pa. St. 306; 2 Story's Eq. Jur. § 1047; Galveston R. R. v. Cowdrey, 11 Wall. 477; Perry on Trusts, § 749.

A railroad bondholder, if denied his remedy upon his deed of trust, is without recourse; he cannot levy an execution upon the railroad: Pennock v. Coe, 23 How. 117; Ammanet v. N. A. & P. T. Co. 13 Serg. & R. 212; Susquehanna Co. v. Bonham, 9 Watts & S. 27; Janus v. R. & G. P. R. Co. 8 Mich. 91; 2 Redfield on Railways, 553.

If the bonds got into circulation and reached the hands of innocent holders by the fault or negligence of the railroad company, there is still a valid delivery and the loss must fall upon the corporation whose negligence caused it: Shipley v. Carroll, 45 Ill. 285; Jones v. Nellis, 41 Ill. 482; Harvey v. Smith, 55 Ill. 224; Yocum v. Smith, 63 Ill. 321; Clark v. Johnson, 54 Ill. 296; Garvin v. Wiswell, 83 Ill. 215; Murray v. Lardner, 2 Wall. 110; 2 Parsons on Contracts, 42.

Corporations, like individuals, cannot defeat claims their own conduct has superinduced: Supervisors v. Schenck, 5 Wall. 772; Galveston R. R. Co. v. Cowdrey, 11 Wall. 476; Zabriskie v. C. C. & C. R. R. Co. 23 How. 400; 2 Black, 722; 1 Daniell on Negotiable Instruments, § 859.

It was the duty of the corporation to use all reasonable effort to protect purchasers from investing in securities claimed to have been fraudulently issued; 3 Cent. Law Jour. 24; Bigelow on Estoppel, 501; Kneeland v. Gilman, 24 Wis. 49; Town

v. Parkersburg R. R. Co. 17 Am. Rep. 545; President, etc., Gloucester Bank v. Salem Bank, 17 Mass. 45; Higgins v. Ferguson, 14 Ill. 269.

The railroad company is estopped by recitals in the bonds: Johnson v. County of Stark, 24 Ill. 85; President, etc. Keithsburg v. Frick, 34 Ill. 405; Supervisors, Mercer Co. v. Hubbard, 45 Ill. 139; Rumbell v. Met. Bank, 20 Moak, 280; State of Ohio v. Van Horn, 7 Ohio St. 327; Cook v. Tullis, 18 Wall. 332; Hoyt v. Thompson, 19 N. Y. 218; Trundy v. Farrar, 32 Me. 225; Supervisors v. Schenck, 5 Wall. 782; Com'rs Knox Co. v. Aspinwall, 21 How. 545; Peterson v. Mayo, 17 N. Y. 453; Bank v. Dandridge, 12 Wheat. 70; 4 Otto, 202; 1 Daniell on Negotiable Instruments, 316.

The authority of an agent to bind a corporation need not be shown by a resolution, but may be implied from facts and circumstances: Angell & Ames on Corporations, 281; Kneeland v. Gilman, 24 Wis. 49; Argentine v. San Francisco, 16 Cal. 255; Hooker v. Bank of Rochester, 30 N. Y. 84; Howe v. Keeler, 27 Conn. 538; Town v. Parkersburg R. R. Co. 17 Am. Rep. 546; Hart v. Stone, 30 Conn. 94.

There was no error in the decree that the railroad should be sold on credit without redemption: Rev. Stat. 203; 1 Jones on Mortgages § 7; Warner v. Helm 1 Gilm. 220; Johnson v. Donnell 15 Ill. 97; Homer v. Zimmerman 45 Ill. 14; Sheldon v. Patterson, 55 Ill. 507; Wilson v. Geisler, 19 Ill. 49; Vansant v. Allmon 213 Ill. 30; Edgerton v. Young, 43 Ill. 464.

The laws of Illinois existing at the time of the execution of the deed of trust entered into and became a part of the contract: Bronson v. Kinzie, 1 How. 311; McCracken v. Hayward, 2 How. 412; Constitution, Art. 2, § 14.

Railroad turnpikes, etc., are not subject to seizure and sale on execution at law, unless made so by statutes: Stewart v. Jones, 40 Mo. 140; Youngman v. E. & W. R. R. Co. 65 Pa. St. 278; Ammanet v. President, etc., 13 Serg. & R. 210; Shamokin R. R. Co. v. Livermore, 47 Pa. St. 465; Gue v. Tide Water C. Co. 24 How. 257; Leedom v. P. R. R. Co. 5 Watts & S. 265; Susquehanna C. Co. v. Bonham, 9 Watts & S. 265; Seymour v. M. & C. T. Co. 10 Ohio, 476; Plymouth R. R. Co. v. Colwell,

39 Pa. St. 337; Bruffett v. G. W. R. R. Co. 25 Ill, 353; Titus v. Mabee, 25 Ill. 257; Hatcher v. T. W. & W. R. R. Co. 62 Ill. 477; Thomas v. Armstrong, 7 Cal. 286; Munroe v. Thomas, 5 Cal. 470; Wood v. Truckee T. Co. 24 Cal. 474; W. & L. T. Co. v. Vimout, 5 B. Mon. 1; Railroad Co. v. James, 4 Wall. 650; Freeman on Executions § 179; Rorer on Judicial Sales § 514; 2 Redfield on Railways, § 553; Covington Drawbridge Co. v. Shepherd, 21 How. 125; James v. P. & G. P. R. Co. 8 Mich. 91; Mills v. Co. Com'rs, 3 Scam. 53; Palmer v. Forbes 23 Ill. 301.

Franchises are personal trusts and a sale on execution would not confer upon the purchaser the title to, or right to use them: Hatcher v. T. W. & W. R. R. Co. 62 Ill. 477; Gue v. Tide Water C. Co. 24 How. 257; Bruffett v. G. W. R. R. Co. 25 Ill. 353; Winchester & L. T. Co. v. Virmont 5 B. Mon. 1.

Power to mortgage the road includes the power to mortgage the franchise: Hatcher v. T. W. & W. R. R. Co. 62 Ill. 477; Joy v. J. & M. R. R. Co. 11 Mich. 155; Pierce v. M. & St. P. R. R. Co. 24 Wis, 551; Allen v. M. R. R. Co. 11 Ala. 454; 2 Redfield on Railways, 459.

The franchise is not a part of the "lands, tenements and hereditaments" of a railroad, else ejectment will lie for its possession, which is not true: Tyler on Ejectment 37; Wood v. T. Co. 24 Cal. 486; W. P. R. R. Co. v. Johnston, 59 Pa. St. Truckee, 394; Constitution, Art. 2, §13.

The court is the vendor in sales of this kind and may impose such terms as it deems equitable: Rev. Stat. 203; Andrews v. Scutton, 2 Bland, 629.

The right of the court to require previous deposits in such sales, is unquestionable: Dills v. Jasper, 33 Ill. 262; Ward v. Mann, 3 Sumner 318; 2 Daniell's Ch. Pr. 1272.

Only that which works an injury can be assigned for error; Arenz v. Reihle, 1 Scam, 340; Schlenker v. Risley, 3 Scam. 483

PER CURIAM. We find one error in this case that must reverse the decree, and which also renders it unnecessary to examine the merits of the cause. Upon examination of the cross-bill filed by the defendant company we find that it sets up new

I. W. R. R. Co. v. Gay.

matter which is intimately connected with the subject-matter of the original bill, and which if true as alleged entitles the defendant to affirmative relief.

This cross-bill was stricken from the files by the court below, and the defendant, upon special application to the court was refused the right to re-file and prosecute it.

We are unable to say that all the facts were as fully shown as they would have been if the defendant had been allowed to investigate the same under the allegations of its cross-bill.

The case is very like that of Jones v. Smith, 14 Ill. 229, upon this point, where such action of the court was held erroneous.

For this error the decree will be reversed, and the cause remanded.

Decree reversed.