1830.

White
v.
Buloid.

White vs. Buloid and others.

Buloid and wife vs. White

In no case is the complainant in the original suit compelled to stay proceedings therein, upon the filing of a cross bill, except by a special order of the court.

If the complainant in the cross bill wishes to stay proceedings in the original suit, the cross bill should be filed on oath, and a certificate of counsel should be obtained, stating that he believes a stay of proceedings in the original suit to be necessary for the attainment of justice in the cause, and that the cross bill is not intended for delay.

Notice of the application for an order to stay the proceedings in the original cause should be given to the adverse party.

It is not a matter of course to stay the proceedings in the original suit in any case, unless the defendant in the cross bill is in contempt for not answering.

If the cross bill is not filed before or at the time of answering in the original suit, the delay must be accounted for, or the proceedings will not be stayed.

It is not too late to file a cross bill after the proofs in the original suit are closed, if the complainant in the cross bill is willing to go to a hearing on bill and answer as to the cross suit.

If a cross bill is taken as confessed, it may be used as evidence against the complainant in the original suit, on the hearing, and will have the same effect as if he had admitted the same facts in an answer.

After both causes are at issue, or in a situation to be heard, the complainant in the cross suit may have an order that they be heard together.

But the delay of the complainant in the cross suit will not be permitted to delay the hearing of the original cause.

On appeal from an interlocutory order of a vice chancellor, the question of affirming or reversing his decision must depend upon the facts which were before him at the time the decision was made.

April 6th.

THESE causes came before the chancellor upon an appeal from an order made by the late equity court of the first circuit, on the 31st of December, 1829. The second suit was upon a cross bill filed by the defendants in the first suit. The defendants in the first suit, who are the complainants in the last, applied to postpone the hearing in the original cause, and to stay the taking of the testimony in open court before the circuit judge, until the complainant therein had answered the cross bill. The facts in the case are sufficiently stated in the opinion of the chancellor.

Fessenden & Ketchum, for the appellants.

William Silliman, for the respondent.

THE CHANCELLOR. The practice in relation to cross bills does not appear to be well settled, either in this state or in the English courts of chancery. It may therefore be necessary to look into the origin of the practice, and notice the changes it has undergone, for the purpose of applying its principles to the present practice of the court under the new mode of taking proofs openly, or in open court before the circuit judges, as was done in the late equity courts. The bill and cross bill were derived from the civil law, and they answer to the conventio and reconventio in the Roman tribunal. If the reconventio came in before the litis contestatio, or joining of the issue in the suit, it was in time, and both causes went on pari passu. The same probatory term was assigned to both. and the same time was given for publication. It is from this we find in the old books of practice that the cros bill should be filed before or at the time of answering the original bill, which generally answered to the litis contestatio of the Roman law. If it did not come in before that time, the causes could not proceed together, as the original cause was then gone from the prætorian forum to the judices. (2 Bro. C. & A. L. 348. How. Eq. Side, 287.) Where the reconventio or cross bill came in after the litis contestatio or joining of issue, it did not stop the complainant in the examination of his witnesses, unless the defendant in the reconventio was in contempt for not answering. If it came in, even after publication, it was not too late, but the party must go to a hearing on the testimony taken in the original suit, and on the answer of the defendant in the cross suit; because, after publication passed, no witnesses could be examined to the same matter as to which proofs had already been taken and published. (Cur. Canc. 337. Gilb. For. Rom. 47. *Ward* v. *Eyles*, Mosel. 382.) The English practice at the present day appears to be to grant an order of course to stay publication until a fortnight after the answer to the cross bill has come in, where the cross bill has been filed in time, that is, before the issue has been joined in the original cause. (Hinde, 54. 1 Atk. Rep. 21.) But where the cross bill is not filed until the original cause has been proceeded in, the motion to enlarge publication must be special, and upon notice to

1830.

White
v.
Buloid.

the adverse party, that the court may judge of it on the circumstances. (*Aylett* v. *Easy*, 2 Ves. sen. 336.) In no case is the complainant in the original suit compelled to stay proceeding therein without a special order for that purpose. (*Noel* v. *King*, 2 Mad. R. 392.) After both causes are at issue, or in a situation to be heard, the complainant in the cross suit may, on motion, have an order that both causes be heard together; a copy of which is to be served on the solicitor for the complainant in the original cause. But notwithstanding this order, the delay of the complainant in the cross suit will not be permitted to delay the hearing of the original cause. (How. Eq. side, 289.) The practice on this subject in the Irish court of chancery is undoubtedly more conducive to the ends of justice, and is best adapted to our system of taking testimony orally. There the cross bill must be filed on oath, and the certificate of counsel that it is not intended for delay, and that it is necessary for the attainment of justice in the cause. And the proceedings in the original cause are not to be delayed in any case, unless upon the special order of the court, founded upon notice of the application to the complainant therein.

In the case now before me, although some witnesses had been examined, the bill was not filed too late, as the proofs in the cause had not been closed. Neither would it have been too late after all the testimony had been taken, if the complainant in the cross suit had elected to go to hearing on the answer of the defendant therein. She could not complain that there was danger of perjury in her answer, although she had heard all the testimony in the cause. But the hearing of the original cause ought not to be delayed in this case, unless there are merits in the application, and a sufficient excuse is given for the delay. I do not think it a matter of course in any case in this court to stay the proceedings in the original suit, except it may be where the defendant in the cross suit is in contempt for not answering. It will be necessary therefore to look into the merits of the cross suit, and to examine the reasonableness of the excuse for the delay.

The original bill was filed to the equity court of the first circuit by Lydia White, the step mother of Mrs. Buloid, and the

executrix of her father, claiming the proceeds of certain re-
al estate which had been paid into that court. She claimed
it on the ground that she was a creditor of her late husband
under an ante-nuptial agreement to a large amount. She
has no claim to the proceeds of the real estate unless the
personal property is insufficient to meet her demand. Hence
the litigation in the original suit necessarily embraces the
settlement of the whole of the estate which came into her
hands as executrix. Mrs. Buloid, as one of the devisees un-
der the will, is entitled to a full discovery in relation to that
estate as well as to many other matters set up in the answer
and charged in the cross bill. From the very nature of the
transactions out of which the claim of Mrs. White arises, it
will be impossible for the appellants to go into the examina-
tion of witnesses understandingly, without the answer of the
respondent.

There has been considerable delay in filing the cross bill,
but some part of it may be justly attributed to the irregular-
ity of the respondent's proceedings. The original bill was
filed in December, 1827, and the appellants put in their an-
swer in February, 1828. By the 16th rule of the equity
courts, the replication should have been filed within thirty
days thereafter. It was not filed until about 20 months af-
terwards. After the expiration of the thirty days the cause
was in readiness for hearing on bill and answer; and the
complainant had no right to file a replication without the
special leave of the court, and upon such terms as might
have been reasonably imposed. If the replication had not
been filed, in October, 1829, the cross bill probably would
not have been necessary. Although the irregularity in fil-
ing the replication at that time has been waived by the sub-
sequent proceedings on the part of the appellants, their cross
bill was filed very soon after the complainant again moved in
the cause. The affidavit of the solicitor and counsel satis-
factorily accounts for the delay. If Mrs. White's health is
such that she cannot understand her rights sufficiently to put
in an answer, other persons should not be permitted to pro-
ceed in the original suit in her name until she is so far re-

stored as to answer the cross bill. The circuit judge has acted on the supposition, that the examination of some of the complainant's witnesses before an examiner, was suffi- cient to preclude the filing of a cross bill. But if the order for that examination was made exparte and without notice, as stated by the counsel on the argument, even that was irregular. For under the 42d rule of the equity courts, the defendant's solicitor was entitled to notice of the motion and a copy of the petition upon which it was founded.

The decision of the late equity court of the first circuit must therefore be reversed with costs; and the time for taking the proofs in the original cause must be extended till forty days after the defendant in the cross suit has put in and perfected her answer to the cross bill. And then both causes must be heard together, if the appellants are ready to bring their cross suit to a hearing without any further delay to the proceedings in the original suit. The cause must be remitted to the vice chancellor of the first circuit, that the further proceedings therein and in the cross suit may be had before him.

The new affidavits which have been presented by the respondent's solicitor, exparte, since the hearing of this cause, cannot affect the question as to the affirmance or reversal of the decision of the equity court. If the facts then before the court entitled the appellant to a stay of proceedings, the decision was erroneous and must be reversed. The rule to answer the cross bill in thirty days, or that it be taken as confessed, could not vary the appellant's rights. The bill taken as confessed would have been equally availiable to them, in the original suit, as an answer to the cross bill admitting the facts therein charged. And it might have been read at the hearing, to sustain the allegations in the answer to the original bill. If the respondent wished to introduce any new facts to vary the order which this court might otherwise make on the appeal, he should have served copies of his affidavits on the opposite party, to enable them to answer the same. The order must therefore be entered as above directed; but with leave to the defendant to apply to the

chancellor to alter or modify the same upon the affidavits now presented, and upon due notice to the adverse party. Copies of the affidavits to be served with such notice.