ANDREW S. GARR, APPELLANT, AND SELAH HILL, RE-
SPONDENT.

On bill filed, the complainant had obtained an injunction restraining the defendant from aliening or encumbering certain real estate which was in controversy between the complainant and defendant, and from collecting or receiving the rents; and had also obtained an order appointing a receiver of the rents and profits. Afterwards, by an order dated February 13th, 1844, the Chancellor made an order authorizing the receiver, instead of collecting the rents himself, to permit the defendant to do it for him, until the further order of the court, upon the defendant's giving bond, with satisfactory security, for the payment to the receiver of the rents received by him. *Held*, that such order could not be appealed from.

The case sufficiently appears in the opinion of the court, which was delivered by Chief Justice GREEN.

The court are unanimously of opinion that no appeal will lie from the order complained of in this case.

The subject matter of controversy in the cause was the right to certain real estate in Jersey City. The appellant, who was complainant in the original bill, had obtained an injunction restraining the defendant from aliening or encumbering the property, and from collecting or receiving the rents. An order had also been made at the instance of the appellant, appointing a receiver of the rents and profits.

By an order bearing date on the 13th of February, 1845, the Chancellor authorized the receiver, instead of collecting the rents in person, to permit the defendant to perform that duty for him, until the further order of the court, upon the defendant's giving bond, with satisfactory security, for the payment to the receiver of the rents received by him, under the authority of the court. This is the order complained of.

Without attempting to define with precision the line which marks the boundary between appealable and non-appealable orders, the court deem it perfectly clear that this is an order from which no appeal can be taken. The party cannot, *in a legal sense*, be aggrieved by it. It does not touch the merits of the question. It does not affect the rights or interests of the party. It leaves the subject matter of the controversy precisely where it stood before. It is simply an order regulating the conduct of an officer of the court. It permits the receiver to collect the rents by proxy—not in person. It retains the fund under the control and subject to the order of the court, precisely as it was before. It does not, as was suggested by the counsel of the appellant, modify, much less dissolve, the injunction. It does indeed permit the defendant to collect the rents ; not, however, for himself, but as the agent of the receiver, and for the benefit of the fund, under the control of the court.

The order might have been made at the instance of the receiver, without notice to either of the parties. It is, moreover, an order which, at any time, upon the application of either party, may be rescinded or modified by the Chancellor. If the security taken by the receiver be insufficient, it is competent for either party to apply for further directions upon that point.

A refusal by the Chancellor to appoint a receiver, or the re-

moval of a receiver when appointed, is not the subject matter of appeal. In *Rogers* v. *Hosack's Ex'rs*, 18 *Wend.* 329, the Court of Errors of New York held that no appeal would lie from an order of the Chancellor refusing to remove an executor and to appoint a receiver in his stead. In that case, Justice Cowen said, " I understand the line of authorities to stand almost without exception, that to warrant a reversal upon appeal from chancery, some definite rule of law or equity must appear to have been violated." The appeal must be dismissed with costs.

The court deem it their duty thus to dispose of the cause, from a regard to the maintenance of the proper practice of the court, although the motion to dismiss the appeal was not pressed on the part of the respondent. Inasmuch, however, as the merits of the case were fully discussed by counsel upon the argument, and as it may be more satisfactory to the parties, the court authorize me to add, as their unanimous opinion, that the order of the Chancellor was right, and had the appeal been regular, the order should be affirmed.

CITED *in Woodruff* v. *Chapin,* 3 *Zab.* 559 ; *State* v. *Wood, Id.* 560 ; *Owen* v. *Arvis,* 2 *Dutch.* 43 ; *Attorney General* v. *City of Paterson,* 1 *Stock.* 629 *Matter of Anderson,* 2 *C. E. Gr.* 538 ; *National Bank of Metropolis* v. *Sprague,* 6 *C. E. Gr.* 460 ; *C. & A. R. R. Co.* v. *Stewart,* 6 *C. E. Gr.* 486.