STEVENS' EXECUTRIX and others, appellants, and STEVENS' EXECUTORS and others, respondents.

1. An order staying proceedings under the original bill until a cross-bill has been answered, is not appealable.

2. The fact that such an order is in the form of an injunction, and that such writ is prayed for in the cross-bill, does not affect the rule.

This was a motion to dismiss an appeal from an order staying further proceedings in the original suit until the cross-bill should be answered, and until further order.

*Mr. Gilchrist,* Attorney-General, for the motion.

*Mr. I. W. Scudder* and *Mr. Vanatta,* contra.

The opinion of the court was delivered by

THE CHIEF JUSTICE.

The present is a motion to dismiss this appeal on the ground that the order made in the Court of Chancery, and which is now before us, is not of an appealable nature. To a proper solution of this question, it is necessary that the course of proceedings in the court below should be clearly apprehended.

The original bill and the supplemental bill sought the proper construction and legal effect of certain clauses in a will. To this suit, among other parties, the Governor of the state, and certain commissioners of the state, and the Attorney-General, were defendants. Answers were filed, one of which was by the Attorney-General, representing the state. Issue being joined on these pleadings, evidence was taken on the part of the complainants. At this stage of the cause, the Attorney-General filed a cross-bill, or information, seeking discovery, and praying for certain affirmative relief. Upon the filing of this pleading, the court made an order staying further proceedings in the original suit until the cross-bill should be answered, and until further order. A motion was made to dissolve this order, which was refused; the order staying the proceedings being somewhat modified, but in a particular it is not necessary at this time to notice. The complainants allege that they are aggrieved by being restrained from proceeding in their original suit, and they have, in consequence, appealed from the refusal of the Chancellor to free them from such restraint. The order thus involved,

the Attorney-General now insists, is not the subject of an appeal.

The general doctrine upon this subject has been, of late, several times before this court for consideration, and must be considered, in its usual application, as settled. It has been repeatedly declared that the effect of our statute regulating this matter, is to give a wider scope to the jurisdiction of this court. In the case of *Morgan* v. *Rose,* 7 *C. E. Green* 594, it is said that most orders appertaining to injunctions are appealable; and in the case of the *Camden & Amboy Railroad Co.* v. *Stewart,* 6 *C. E. Green* 487, the observation occurs, " that it is not practicable to settle any test which will be applicable to every case, so as to separate into classes those orders which are appealable and those which are not ; that there are many cases which are obviously appealable ; there are some as obviously not appealable ; and that there is an intermediate class, which cannot be reduced to any fixed rule." Among the class thus indicated as being clearly not appealable, are all the ordinary orders made in the progress of the suit for the purpose of putting the case fairly at issue, obtaining the requisite evidence, and affording the parties a hearing. No one pretends that any orders of this kind will form a basis for an appeal. And it is therefore contended on this occasion, by the counsel of the appellants, that the order in question is of an entirely different character. Is this so ?

I think some confusion has been occasioned on the argument on this motion, from the circumstance that the order staying these proceedings is in the form of an injunction, and because the cross-bill contains a prayer for such a writ. It seems to me that, with respect to form, such a procedure is an anomaly. It is founded on the idea that the cross-bill is a distinct proceeding from the original suit. But such is not the case. The cross-bill is a mere dependency of the original suit, and must be considered as a part of it. For the sake of convenience, and even from necessity, in some cases, the two proceedings must move together, and the court must have control over such movement. As the bill and cross-bill are but

parts of one whole, both parts can be controlled by an order in the cause, as in ordinary cases. But names will not alter the substance of things, and although the present mandate of the Chancellor has been treated by the pleader, and is styled and is in form an injunction, it is, in reality and effect, a mere order. The only question is as to the character of the order. Is it anything more than one of those methods which are indispensable in the progress of suits in all courts, and which therefore, necessarily, are in the hands of every court of justice ?

The effect of the order in question is but temporary. The intention seems to be to stay the proceedings in the original suit until the cross-bill is answered. This, I understand, is the intent of this interruption of the course of the suit. Upon the coming in of the answer, the bar would be removed as a matter of course, or if continued, such continuance would then, it would seem, lay a ground of appeal. *Vanderveer's Adm'r* v. *Holcomb*, 7 *C. E. Green* 559. Construing the order in question in this sense, it imposes no unusual restraint on the proceedings. It is obvious that in many cases such a restraint becomes a part of the necessary conduct of the suit. It would often be quite absurd to permit the examination of witnesses to proceed before the parties are at issue on the cross-bill. Nor is such a course extraordinary, but may be said to be the common mode, so that the two branches of the suit may proceed *pari passu*. *Talmage* v. *Bell*, 9 *Paige* 410; *Steward* v. *Roe*, 2 *P. Wms.* 435; *Long* v. *Burton*, 2 *Atk.* 218.

It is said that in this case the delay is very injurious to the complainants. The same effect might follow from an enlargement of the time of taking testimony, or the postponement of the hearing. The operation of an order upon the parties cannot be the sole test of the right of appeal. The court having the original jurisdiction, must exercise its discreion, so as to guard the parties from avoidable hardships in the application of the ordinary rules of practice. Regarding the cross-bill as connected in the way of procedure with the original bill, I have failed to find any essential difference

between the order appealed from and the common orders made in the progress of every suit in equity. It does not appear to me to be variant in its nature from an order to stay the proceedings until an answer shall be amended. The mode and grounds of proceeding to obtain a stay, will be found stated in the case of *White* v. *Buloid,* 2 *Paige* 164. It is there said that the English practice, at the present day, appears to be to grant an order, of course, to stay publication, until a fortnight after the answer to the cross-bill has come in ; that is, where the cross-bill has been filed before the issue has been joined in the original cause. But where the cross-bill is not filed until the original cause has been proceeded in, the motion to enlarge publication must be special, and upon notice to the adverse party, that the court may judge of it on the circumstances. The statute regulating the Court of Chancery prescribes that the original bill must be answered before the complainant shall be compelled to answer the cross-bill ; and in *Williams* v. *Carle,* 2 *Stockt.* 545, it is said that in all other respects, the proceedings are governed by the English practice. It thus appears that these orders to stay, on the filing of cross-bills, are in the ordinary routine. The principle, therefore, that would declare them to be appealable, would embrace all the incidental orders that are in constant use in suits in equity. Such orders are clearly not the subjects of appeal.

I shall vote to dismiss the appeal, with costs, in the present case.

The whole court concurred.