BENJAMIN GRISWOLD *v.* S. P. E. SIMMONS et al.

1. CHANCERY PRACTICE — VENDOR AND VENDEE. — S. sold a tract of land to G., reserving the vendor's lien in the deed and in the notes.  The deed was duly recorded.  G. sold a part of the land to W.  G. and W. are made parties to the bill.  W. did not defend, and *pro confesso* was taken as to him.  The lien and the equity are conceded.  There was no interlocutory order confirming the master's report; *held,* that the report of the master in chancery was confirmed in terms by the final decree, and that this action of the court was not error.  Where the attention of the chancellor is not called to the points in the case, they cannot in any case be considered in this court.

2. SAME — CROSS BILL — EVIDENCE. — A cross bill does not stay proceedings in the original cause, except by order of the court.  2 Barb., Ch. Pr., 134 ; 2 Dan., 1656.  If the cross bill be taken as confessed, it may be used as evidence against complainant in the original cause on the hearing, and will have the same effect as if he had admitted the same facts in the answer.  2 Barb. Ch. Pr., 135.  The cross bill will not delay the hearing of the original cause.  2 Paige, 164 ; Story's Eq. Pl., § 402.

3. SAME — RULES. — It is correct practice to order a referee to compute amount due after a cause is set for hearing, without remanding to rules.

APPEAL from the Chancery Court of Hinds County.  Hon. E. W. CABANISS, Chancellor.

The facts of the case are sufficiently stated in the opinion of the court.

The following is assigned for error:

1st. A final decree was rendered against one of the defendants, Withers, without any notice having been given him of the filing of an amended bill.

2d. The cause was set down for final hearing in the court below by the appellees without an answer to the cross bill of the appellant previously filed (and upon which process had been served upon said appellees), and upon a day preceding the date on which a *pro confesso* thereon could be taken by the appellant.

3d. No order confirming the commissioner's report was taken, but the cause was proceeded with to a final decree without the same having been confirmed.

4th. The reference to the commissioner to compute was obtained after the cause was set for final hearing without remanding it to the rules.

*C. E. Baldwin*, for appellants:

1st. The first error assigned is, that a final decree was taken against two defendants, Griswold and Withers, only one of whom, Griswold, was "in court," the original bill having been dismissed and Withers having had no notice of the filing on an amended bill, as required by the 22d rule of the chancery courts of the state of Mississippi.

It is true that a decree *pro confesso* was taken against Withers upon the original bill. That, however, gave the complainants the right to proceed to a final decree against him, only as to their case as made out by their original bill. When that was in fact dismissed, and an amended bill ordered to be filed, then it became necessary to give him a fresh notice of making out a new case against him, and until this is done, no decree can be taken against him on the said amended bill. Hunter v. Walker, 40 M., 595.

2d. The cause was set down for final hearing in the court below by the complainants without an answer to the cross bill of

Griswold filed, and on a day preceding the date on which a *pro confesso* thereon could be taken.

This was an irregular and hasty proceeding, and, if allowed, entails the evil upon chancery courts of cutting off and ignoring altogether any defense made by cross bill. The defendant, Gris-would, was surely entitled either to a *pro confesso* to his cross bill or an appearance thereto.

3d. No order confirming the commissioner's report was taken, but the cause was proceeded with to a final decree without the same being confirmed. "After a report has been filed it must be confirmed before any step or proceeding can be taken upon it." Daniels Ch. Practice, I: 944.

*C. E. Hooker*, for appellee:

1st. The bill and amended bill is filed to enforce the vendor's lien. This lien is recited both in the deed of vendor and the bills, single, given by the vendee for the deferred payment.

2d. The answer of Griswold admits that the vendor's lien exists and as set out in the bill of the vendors, but claims certain credits, and in order to avoid all error or appearance, even, of error, every single credit claimed is *allowed by report of commissioner* and in the *final decree* of the court.

3d. There was a *pro confesso* as to Withers on the original bill, and the bill charges that he bought forty acres of the land with full knowledge of the existence of the vendor's lien. Whatever rights, if any, he may have or even pretend to have, are carefully provided for and protected in the final decree, which provides that, in the sale of the land, the proceeds over and above the acknowledged debt due and owing by Griswold, and secured by admission by vendor's lien, should be paid to defendant, Griswold or Withers, as the court might direct.

4th. It is the merest pretext to call Griswold's answer *a cross bill*, and the chancellor below very properly disregarded this feature of the answer. Why, in what does the cross bill consist? simply this, that Mrs. Simmons pursued her concurrent remedy at

law. This court has too often held that the double remedy at law and equity exists, to be now seriously questioned, and the decree provides that the judgment at law shall be credited with the amount for which the lands may sell.

5th. The decree of the chancellor has been superseded since Oct. 24, 1873, the day fixed for sale of the land. The decree which is brought up for review on writ of error, was rendered in August, 1873. There can be no question that this case is brought up *solely for time.*

6th. If it shall be seriously contended that there be anything in naming the answer of Griswold a cross bill, then the defendants in lower court were entitled to their decree *pro confesso*, and may take it here if they wish to.

TARBELL, J., delivered the opinion of the court.

Proceedings in chancery to enforce vendor's lien. Simmons sold and conveyed a tract of land to Griswold. Vendor's lien was reserved in the deed, which was duly recorded, and in the notes given for the purchase money. Griswold sold a part of the tract to W. T. Withers. Griswold and Withers are made defendants. The former appeared and defended. The latter did not appear, and as to him there was a *pro confesso.*

Complainants amended their bill and proceeded with the cause without notice to Withers of the amended bill. Griswold made his answer a cross bill, the only grounds of which are certain items of setoff or payments on the notes, and an averment of a suit at law on those notes. The lien and the equity of the bill are fully conceded. There was a decree that the land be sold. From this decree Griswold appealed and assigned for error:

1. That the decree against Withers, without notice of the amended bill, is erroneous.

2. That there was no order confirming the master's report.

3. That the reference to compute was made after the cause was put down for final hearing, without remanding it to the rules.

Of the decree against him, Withers is not complaining, and does not join in the appeal. The interest of Withers is fully stated in the bill, and is as amply protected in the final decree as it can be, upon the facts and the law.

The items of payment claimed in the answer and cross bill were allowed as claimed. There is no contest as to amount due. The lien, the equity of the bill and the amount due, according to the final decree, stand admitted and undisputed.

The case for this court, therefore, is narrowed down to trivial points of practice, no way involving or affecting the merits of the the controversy or rights of the parties.

1. That the original cause proceeded in disregard of the cross bill.

A cross bill does not stay proceedings in the original cause, except by order of the court, upon motion and notice. 2 Barb. Ch. Pr., 134; 2 Danl. Ch. Pr., 1656. If the cross bill be taken as confessed, it may be used as evidence against complainant in the original cause, on the hearing, and will have the same effect as if he had admitted the same facts in the answer. 2 Barb. Ch. Pr., 135. The cross bill will not delay the hearing of the original cause. 2 Paige, 164; Story's Eq, Pl., § 402.

2. That there was no interlocutory order confirming the master's computation of amount due.

There were no objections or exceptions to the report. Though not confirmed by interlocutory order, it was confirmed in terms in the final decree.

See Code, § 1027, which provides that "in suits for the foreclosure or satisfaction of mortgages or deeds of trust," the confirmation of the master's report and the final decree on orders "of course," without notice, unless cause be shown to the contrary.

3. That the order of reference to compute was made after the cause was set for hearing, without remanding to the rules.

This is correct practice.

The points made for this court are thus fully stated and ex-

plained, though the attention of the chancellor was not called to either, and of course they could not in any case be considered here. They are now explained that counsel may understand the reason of the action of this court, and to state certain rules of practice, which seem not to be well understood.

Time was manifestly the object of the appeal in this case.

Motion sustained and decree affirmed.