MARY A. MATTAIR ET AL., APPELLANTS, VS. CHARLES P. CARD, ADMINISTRATOR, APPELLEE.

1. A bill to procure the reversal, alteration or explanation of a decree made in a former suit, except for fraud in obtaining such decree, is a "bill of review." Such bill can only be brought upon error in law appearing on the face of the decree without examination of matters of fact, or upon new matter discovered after the decree which could not have been used when the decree was made, unless the decree appears to have been made in violation of law.

2. The validity and sufficiency of a mortgage, and the capacity of the parties executing it (being adults), are established by the decree of foreclosure, and such decree is conclusive against the parties unless reversed on appeal, and cannot be set aside or annulled by bill or review except upon newly-discovered evidence.

3. The due execution of a mortgage of a homestead is established by a decree subjecting the property to sale to pay the mortgage upon bill to foreclose it.

4. A judgment or decree unreversed is conclusive upon parties and estops them from setting up in a new suit brought to annul or set it aside, any matter of defence of which the parties could have availed themselves in the original proceeding, the evidence of the facts constituting the defence having been known to the parties in due time.

Appeal from the Circuit Court for Duval county.

The former case before this court referred to in the opinion is to be found in 18 Fla. Repts., 761.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellants.

*Geo. Wheaton Deans* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

Appellants (complainants below) filed their bill to annul and set aside a decree of foreclosure heretofore obtained by appellee against them in the Circuit Court for Duval county.

They allege that in 1879 Card, as administrator, &c., of L. D. Alexander, filed a bill against them to foreclose a mortgage in favor of Alexander covering a lot in Jacksonville, (the title whereof was vested by deed in Mrs. Mattair,) given to secure a note of $3,000; that they separately answered the bill setting up their defences; that exceptions to said answers were sustained in part; that testimony was taken and a master's report made, and a decree made in April, 1881, subjecting the lot to sale to pay the amount of the note and interest; that they appealed from the said decree to the Supreme Court, where the same was affirmed with a direction to the Chancellor to order that the property be sold in parcels if the appellants so desired, it appearing that a part of the property was the home of the family. They allege that a declaration of their homestead claim had been filed according to law with the County Judge long before the making of the mortgage, in which the easterly part of the lot was designated as their homestead, while the whole of the lot was included in the mortgage; and that the County Judge had not consented to the mortgage of the homestead; wherefore it is insisted that the mortgage upon the homestead portion is illegal and inoperative; that the west half of said lot was conveyed by L. D. Alexander to Mrs. Mattair, and was the consideration of the note and mortgage; that appellants did not know when executing the mortgage that it included the east half, and if they had known it they would not have signed the mortgage; that when S. R. Mattair signed it " he was in such an intoxicated and

drunken condition that he was incapable of comprehending what was going on or being done ;" that they were both deceived by Alexander, who procured the mortgage to be so drawn as to include the whole lot, while they supposed it covered only the half lot purchased of him. They further allege that the mortgage is not on its face a valid instrument in that it is a conveyance by Mrs. Mattair only in the granting clauses, her husband signing the same as " consenting " thereto, and therefore it is not a joint conveyance binding her separate real property.

They offer to reconvey the west half of the lot to the administrator or to Alexander's heirs.

They pray a decree cancelling the deed of Alexander to Mrs. Mattair of the west half of the lot and authorizing them to reconvey in full satisfaction of the note and mortgage, and that they be given up and cancelled, and that the appellee be enjoined from selling the east half under the said decree, and that the decree be annulled and set aside for fraud in obtaining it, for illegality in subjecting the homestead to forced sale contrary to law, and for general relief.

Appellee demurred to the bill on the grounds of want of equity and that the matters set up in the bill are *res adjudicata*, as appears on the face thereof. Appellants joined in demurrer, and upon the hearing thereof the Chancellor sustained the demurrer and dismissed the bill. From this decree complainants appeal.

A reversal is prayed on the ground that the bill is " full of equities," and because some of the matters alleged have not been before the court and are not adjudicated, to-wit: the question of the mortgage being the act and deed of the parties, and the question of the validity of the mortgage upon the homestead without the consent of the County Judge thereto.

The appeal in the foreclosure suit was disposed of at the last term.

Where no fraud in obtaining it is alleged the proceedings to set aside a decree, if it has been signed and enrolled, must be by bill of review ; or if not signed and enrolled, by supplemental bill in the nature of a bill of review. Wortley vs. Birkhead, 3 Atk., 809, 811 ; 1 Dan. Ch. Pl. and Pr., 5th Ed., 173, 582.

This bill fails to show any act of fraud on the part of the complainant or his solicitors in any of the proceedings leading to, or in obtaining the final decree in the suit for the foreclosure of the mortgage.   It can only be considered a bill of review.

" The object of a bill of review, and of a bill in the nature of a bill of review, is to procure the reversal, alteration or explanation of a decree made in a former suit.   If the decree has been signed and enrolled, a bill of review must be filed ; if not, a bill in the nature of a bill of review."

"A bill of this character can only be brought upon error in law appearing on the face of the decree without further examination of matters of fact ; or upon some new matter which has been discovered after the decree, and could not possibly have been used when the decree was made.   If the bill is filed on the ground of error, the decree complained of must be contrary to some statutory enactment, or some principle or rule of law or equity, recognized and acknowledged, or settled by decision, or be at variance with the forms and practice of the court ; but the bill cannot be maintained where the error is in mere matter of form, or the propriety of the decree is questioned."   2 Dan. Ch. Pl. & Pr., 1576, and authorities cited.

The question whether the mortgage was valid to create a lien upon the property because of the omission of words

of grant or conveyance by S. R. Mattair in the body of the instrument was necessarily submitted to the court at the hearing before the Chancellor, and determined whether it was made a ground of objection at the time or not. The decree necessarily determined that the paper was a valid mortgage and directed its enforcement as such. The decree was affirmed on appeal, and though the question of its sufficiency was not raised upon the appeal, the affirming of the decree places the question beyond the reach of review here.

The question as to the competency of Mr. Mattair to join his wife in the mortgage by reason of his drunken insanity and inability to make a valid contract while in that condition, was raised in the foreclosure case before the Chancellor and on the appeal. It was held that drunkenness alone was not effective to make the deed void, but that it was voidable on that ground, if not subsequently ratified, and upon restitution of the consideration, and placing the mortgagee in as good position as before the transaction, a cross-bill might have been filed to obtain a rescision of the entire contract. But such bill, or any bill to rescind, should have been filed before final decree in the foreclosure suit. 2 Dan. Ch. Pr., 1548, and note; Roberts vs. Peavey, 9 Foster, N. H., 392; Josey vs. Rogers, 13 Geo., 478; White vs. Buloid, 2 Paige, 164; Irving vs. DeKay, 10 Pai., 322.

For a cross-bill is a mode of defence against the original bill and may be filed for discovery or relief, or both. After decree under the original bill the matters embraced in it are *res adjudicata*.

Nor can the validity of a mortgage as a lien upon the homestead be questioned here on the ground that the County Judge did not consent to the mortgage. If available, that should have been pleaded in defence in the foreclosure suit. The decree in that suit established the valid-

ity of the mortgage and the liability of the property to be sold to satisfy the indebtedness secured by it. As we have seen by the authorities, a bill of this character can only be brought upon error in law appearing upon the face of the decree attacked, without further examination of matters of fact, or upon new matter which has been discovered after the decree, and could not possibly have been used when the decree was made. And the decree, if complained of for error, must be contrary to some statutory enactment or principle or rule of law or equity.

In this case there was no error in the foreclosure decree because upon the appeal every question embraced in the record was examined and the decree rightfully affirmed. The decree was not contrary to any statutory enactment or principle of law or equity. No such illegality of the decree is or was suggested. The question of the illegality of the mortgage of a homestead on account of the absence of the consent of the County Judge was not raised upon the hearing before the Chancellor or before this court on the appeal. It was not even hinted at in the record or upon the argument or the briefs filed. But even if this had been available *as a defence* in the foreclosure suit it cannot be made available by this bill, because all these matters of defence should have been interposed in that suit. It was not matter discovered after the decree, for it existed, if at all, before the giving of the mortgage, and could have been used upon the trial, the appellants of course having knowledge of their own act.

" The judgments and decrees of every court having jurisdiction of the subject-matter and of the parties are binding and conclusive upon parties until they are regularly reversed or vacated by some court having jurisdiction for that purpose." The foreclosure suit involved the validity of the mortgage in form and substance, the capacity of the parties

to execute it, the legality of the contract, the liability of the property to be sold to pay the debt and the regularity of the proceedings down to the decree. The decree is not impeached for fraud in obtaining it, it is not invalid or illegal on the face of the proceedings, and no facts have been discovered of which the appellants might not have availed themselves. The decree is, therefore, conclusive upon the parties and can be neither impeached nor set aside under the allegations of this bill. However much we may sympathize with these parties in their misfortune, we are without power to relieve them of the consequence of a decree which so firmly establishes the legal rights of all the parties.

The decree sustaining the demurrer and dismissing the bill is affirmed with costs.