# Lehman, Durr & Co. *v.* Dozier.

*Bill in Equity for Reformation of Mortgage.*

1. *Answer as cross-bill; English practice.*—Under the English practice, which prevails with us except as changed by statute, an answer can not be made a cross-bill, nor become the foundation of affirmative relief; nor can a cross-bill be filed before answer.

2. *Same; under statutory provisions.*—Under our statutory provisions (Code, §§ 3801–04), a defendant may ask that his answer be taken and treated as a cross-bill as against the complainant in the original bill, but not as against another defendant; and while the irregularity will be considered as waived, if a defendant answers and takes issue upon it as a cross-bill, his failure to answer it does not authorize a decree *pro confesso* against him, nor a final decree founded on such decree *pro confesso.*

3. *Transcript; copy of opinion on former appeal.*—On a second appeal in a chancery cause, the copy of the former opinion of this court, certified to the lower court for its guidance, should not be included in the transcript; and if included, no costs will be allowed for it.

APPEAL from the Chancery Court of Montgomery,
Heard before the Hon. JOHN A. FOSTER.

The original bill in this case was filed on the 25th March, 1876, by Andrew J. Dozier, against Thweatt E. Mitchell, John W. Durr, and Lehman, Durr & Co.; and sought the correction of a mistake in the description of a tract of land, as contained in a mortgage executed by said Mitchell to Lehman, Durr & Co., and in the subsequent conveyances from Lehman, Durr & Co. to Durr, as the purchaser at a sale under the mortgage, and by said Durr to the complainant. An answer was filed by Mitchell, admitting the alleged mistake in the description of the land, and asking that his answer might be taken as a cross-bill; and the prayer of the cross-bill, which charged usury in the mortgage debt, was for an account and redemption. On final hearing, on pleadings and proof, the chancellor rendered a decree reforming the mortgage, but holding Mitchell entitled to an account and redemption, and ordering a statement of the accounts by the register; but his decree was reversed by this court, on appeal by Dozier, and the cause was remanded.—*Dozier v. Mitchell*, 65 Ala. 511. On a re-statement of the account by the register, after the reversal, a balance of $652.51 was found due to the complainant, after payment of the mortgage debt; and the chancellor thereupon rendered a decree in his favor, for that sum, against Mitchell, and against Lehman,

[Lehman, Durr & Co. v. Dozier.]

Durr & Co., setting aside the sale to Durr under the mortgage, ordering satisfaction of the mortgage to be entered of record, and restoring the possession of the land to the complainant. The appeal is sued out by Lehman, Durr & Co. and Durr, who assign as error, jointly and severally, the final decree and every other decree rendered against them.

E. P. MORRISSETT, and WATTS & SON, for appellant, cited *Gilman, Sons & Co. v. N. O. & S. Railroad Co.*, 72 Ala. 566; *Flewellen v. Crane*, 58 Ala. 627.

GUNTER & BLAKEY, *contra.*—If the form of the cross-bill was objectionable, because it was attached to the answer, and written on the same sheet of paper, the informality was waived by the failure to claim advantage of it in the court below. The court had jurisdiction of the subject-matter, and of the parties; and this being the case, formal defects are not available on error, unless objection was taken in the lower court.—1 Brick. Dig. 776, § 31. The answer and the cross-bill may be regarded as separate pleadings, each being rejected as surplusage so far as the other is concerned.

STONE, C. J.—The original bill was filed in this cause by Dozier, against Thweatt E. Mitchell, and Lehman, Durr & Co. The object of the original bill was to correct the numbers in the description of land, bought by Dozier from Durr, of the firm of Lehman, Durr & Co. The averments of the bill are, that in 1870 Thweatt E. Mitchell and wife conveyed to Lehman, Durr & Co. the north half of section 18, township 17, range 19, in Elmore county, to secure the payment of a debt, and some future advances. The mortgage contained a power of sale; and the debt not being paid, Lehman, Durr & Co. sold the land under the power in the mortgage, and Durr, a member of the firm, became the purchaser, and received a conveyance from Lehman, Durr & Co., executed in their firm name. This was in 1871. In February, 1872, Durr sold and conveyed the lands to Dozier, giving the description by numbers set forth above, and Dozier went into immediate possession, Mitchell yielding the same. Dozier has been in possession ever since. In March, 1876, Dozier discovered the lands he had bought and was in possession of were incorrectly described in the whole chain of title from Mitchell to him, and that the true number was range 20, instead of range 19. He thereupon filed the bill in this cause, alleging the misdescription above, averring it was a mistake, and that Mitchell refused to correct it; and he prayed for a reformation of the title papers, so as to conform to the intention of the parties. Mitch-

[Lehman, Durr & Co. v. Dozier.]

ell and his wife, Durr individually, and the firm of Lehman, Durr & Co., stating the names of the members, were made parties defendant to the bill, and were brought in by process. Neither Durr, nor Lehman, Durr & Co. filed any answer to the bill, and decrees *pro confesso* were taken against them.

In May, 1876, Mitchell and wife filed their answer to the original bill, and therein admitted the alleged mistake. They also made affirmative charges in their answer—alleged usury in the debt secured in the mortgage, and prayed to have their answer made a cross-bill against Dozier, Durr, and Lehman, Durr & Co.; and prayed that an account be taken charging defendants with rents, and that said Mitchell be let in to redeem. Process was sued out on this alleged cross-bill, was served on all the defendants, and Dozier answered; but neither Durr nor Lehman, Durr & Co. filed any answer. Decree *pro confesso* was taken against them, and the case was heard on pleadings and proof. The chancellor granted relief on the cross-bill, both against Dozier and Lehman, Durr & Co. It is assigned as error, that the alleged cross-bill did not give jurisdiction to the court over the defendants Lehman, Durr & Co., or other co-defendants; and that the rulings thereon are *coram non judice*, because there were neither pleadings nor appearance to uphold them.

There can be no question, that according to the English practice, which, in the absence of statute, prevails in this State, the answer can not be made a cross-bill, nor become the foundation of affirmative relief.—Mitf. Chan. Pl., 6th Amercan ed., 97 *et seq.*; 2 Dan. Ch. Pr., Cooper's ed., 1548 *et seq.* and notes; Story's Eq. Pl. §§ 389 *et seq*; *Hubbard v. Turner*, 2 McLean, 519; *White v. Buloid*, 2 Paige, 164. Under our statutes, Code of 1876, § 3801, it is provided: "The defendant may obtain relief against the complainant, for any cause connected with, or growing out of the subject-matter of the bill, by alleging in his answer, and as a part thereof, the facts upon which such relief is prayed, and require the complainant to answer the same upon oath." "§ 3802. The matter thus put in issue must be considered in the nature of a cross-bill." "§ 3803. The defendant may waive the answer of the complainant to such new matter being made upon oath, which waiver must be made in or upon the answer; and in such case, the answer of complainant to such new matter is not evidence, unless the defendant use it as such."

It will thus be seen that our statute makes provision for converting the answer into a cross-bill, only as against complainant. He alone can be required to answer. In *Gilman v. N. O. & S. R. R. Asso.*, 72 Ala. 556, speaking of this statute, and an attempt to use one defendant's answer as a cross-bill against other

defendants, this court said : "The court, and the parties, could have silently disregarded so much of the answer as purported to be a cross-bill. The failure of any party defendant to appear and plead to it, would not have authorized a decree *pro confesso* against him. On motion or exception, it would have been stricken out as impertinent ; and the appellants, whatever may have been their right to file a cross-bill, or however necessary such a bill may have been for their protection, would have been in court in no other condition than as respondents who had only answered. . . It is apparent the statute refers to but one of the several kinds of cross-bill—that in which relief is sought only against the complainant in the original bill ; and has no reference or application to the other distinct and different kind of cross-bill."

In Tennessee, they have a statute which provides, that "the defendant may, by proper allegations, file his answer as a cross-bill, and require a discovery from the complainant, in which demurrers or pleas may be filed, or orther proceedings had upon the answers as upon a cross-bill." Under that statute, the Supreme Court of that State holds, that the remedy it affords is not confined to cross-bills for discovery merely, but that it is confined to cross-bills which pray relief against complainants only.—*Hall v. Fowlkes*, 9 Heisk. 745 ; *Odom v. Owen*, 2 Jere Baxter, 446. In that State, however, as in this, it is held that, if there be issue taken, and a trial had on such irregular attempt to convert the answer of one defendant into a cross-bill against another—the court having jurisdiction of the subject-matter—this is a waiver of the irregularity, and the judgment will be valid.—See authorities *supra*, and *Davis v. Cook*, 65 Ala. 617.

In Mississippi, there is a statute which covers the question we have been discussing. It provides, that an answer may be made a cross-bill, not only against the complainant, but against a co-defendant as well. Of course, the ruling under their statute is different.—*Ladner v. Ogden*, 31 Miss. 332. In *Thielman v. Carr*, 75 Ill. 385, the ruling seems to be different from ours stated above, and the principle announced is rested on general principles, and makes no reference to any statute. We do not feel at liberty to follow that case.

The relief prayed and obtained under the attempted cross-bill in this case, is mainly against Durr, and Lehman, Durr & Co. It is against them that Mitchell sought to redeem, and their mortgage claim was the basis of the accounting. They are indispensable parties to any litigation which seeks to overhaul the account, and redeem the land. We have seen above, that as to Mitchell's answer, it was as to them only an answer, upon which no affirmative relief could be claimed. It was in

[Lehman, Durr & Co. v. Dozier.]

no sense a cross-bill, unless they, by some act of theirs, have made it such. They " have silently disregarded so much of the answer as purported to be a cross-bill," and there was no authority for rendering a decree *pro confesso* against them. This case stands, then, as if no cross-bill had ever been attempted to be filed, and the decree of the chancellor must be reversed, back to, and including all orders made, granting to Mitchell affirmative relief.—*Flewellen v. Crane*, 58 Ala. 627.

It is urged before us, that we may disregard, as surplusage, all that is said by Mitchell which purports to be an answer to the original bill, and treat the paper as simply an independent cross-bill ; that it is as much the one as it is the other, and that we have no authority to regard it as an answer, rather than a cross-bill. It seems to us this argument defeats itself. If we ignore and disallow all that purports to be an answer, then the case made by the original bill was never put at issue as against Mitchell ; and he, not having answered, had no authority to file a cross-bill.—*Irving v. DeKay*, 10 Paige, 319 ; *White v. Duloid*, 2 Paige, 164 ; 3 Dan. Ch. Pr. (Cooper's ed.) 1548, and notes. A cross-bill before answer would seem to be an anomaly. The pleader, however, styles the paper, " The answer and cross-bill of Thweatt E Mitchell ;" and at the end of the answering part, employs this language : "And respondent, Thweatt E. Mitchell, further answering the said bill of complaint, as well as by way of cross-bill, states." Then follow the averments, on which relief is prayed. There is nothing in this argument. The paper must be interpreted as its frame and language import ; an answer, with an attempt to make it subserve the double purpose of both an answer and a cross-bill praying relief.

We find in the transcript the justifying affidavits of Dozier's sureties, when he gave the injunction bond, and the opinion of this court when this case was formerly before us (65 Ala. 511), copied as parts of the record. There was no authority for this ; and following a precedent which we think a good one, no costs will be allowed or taxed for that part of the transcript.—*Lake v. Security Loan Association*, 72 Ala. 207.

Reversed and remanded.

CLOPTON, J., not sitting.