MARGARET ANN READ and ISAAC F. READ, appellants,

*v.*

BARNET S. HUFF, respondent.

1. An appeal will not lie from an order refusing to dismiss the complainant's bill on the ground that the replication was not filed within the time prescribed by law.

2. In a suit for partition in chancery, where a defendant sets up an equitable title to the whole estate in the premises, or impeaches the complainant's title on equitable grounds, the court will not suspend the suit until the title be settled, but will pass upon such title and settle all disputes concerning it in the partition suit, and grant relief accordingly.

3. Where a husband pays the consideration of the purchase of lands, and has the conveyance made to his wife, the presumption is that a gift or settlement was intended, and a resulting trust will not arise in his favor from such payment.

4. The proof which in such cases shall overcome the presumption of a gift to the wife must be of facts antecedent to or contemporaneous with the purchase, or else immediately afterwards, so as to be in fact part of the same transaction; and it must be equally satisfactory and explicit with the proof required to establish a resulting trust.

On appeal from a decree advised by Vice-Chancellor Bird.

*Mr. Marshall R. Smith,* for appellant.

I. On the day of hearing, it was made to appear to the vice-chancellor that due and legal notice had been given to solicitor of complainant to dismiss the complainant's said bill of complaint, for the reason that the replication in said cause had not been filed within the time limited by law, but was filed after two regular terms of the court had been held, and without an order of the court, or showing cause for such irregularity in filing replication. *Rev. p. 109 § 33; p. 112 § 47; Dick. Prec. 214; Buckingham* v. *Corning, 2 Stew. Eq. 238; Gaskill* v. *Sine, 2 Beas. 135.*

II. And on the day of hearing said cause, it was made to appear to the vice-chancellor that due and legal notice had been given to complainant's solicitor to dismiss the complainant's said bill of partition, for the reason that the defendants, Margaret Ann Read and Isaac F. Read, in their answer in said cause, distinctly set up legal title in said Margaret Ann Read, to the premises named in complainant's bill, and therefore the court of chancery had no jurisdiction over this matter, because the complainant's title was disputed, and thereupon the vice-chancellor ought to have granted an order dismissing the said bill of partition, with costs. *Rev. p. 123 § 100; Van Riper* v. *Berdan, 2 Gr. 132; Dick. Prob. Prac. 276; Cutting* v. *Dana, 10 C. E. Gr. 265; Holman* v. *Holman, 3 Desaus. 210; De Witt* v. *Ackerman, 2 C. E. Gr. 215; Barrell* v. *Barrell, 10 C. E. Gr. 173;*

*Tomlinson* v. *Sheppard, 3 Hal. Ch. 80; Wilkin* v. *Wilkin, 1 Johns. Ch. 117; Black* v. *Lamb, 1 Beas. 108; Black* v. *Keiley, 8 C. E. Gr. 358; Riverside Cemetery Co.* v. *Turner, 9 C. E. Gr. 18.* No consideration in deed of complainant. Jacob M. Dives had no title to the individual sixteen sixty-fourth parts of said premises; that the pretended conveyance from said Dives to said complainant was a mere paper title, without any consideration whatever, and obtained five years after said appellants had title and possession, and said complainant had knowledge of said appellants' title and possession five years prior to getting his, complainant's, pretended title. *Herbert* v. *Scofield, 1 Stock. 492; Demarest* v. *Terhune, 3 C. E. Gr. 532, 536.*

III. All the parties to this suit in the court of chancery, with the exception of said Margaret Ann Read, were not seized of and entitled to the lands, or any part or parcel thereof, described in the complainant's bill of partition, because said Margaret Ann Read had possession, and a good and sufficient title for a valuable consideration, which she had obtained from said John Flock on the 19th day of July, A. D. 1879, he then being the true and lawful owner of said premises, and he having paid every dollar of the consideration mentioned in the original conveyance from Wesley M. Vass and wife to said Isaac F. Read and Susan Flock, who actually held said land and premises in trust for said John Flock, and the original intention of the parties to the last-named conveyance was that said land and premises were to be held in trust for the benefit of said John Flock. The testimony of said facts was overruled by said vice-chancellor, which was error, excepting part to show said John Flock always paid the taxes, insurance and expense of repairing said premises, and thereupon said order and decree were erroneous. *McKeown* v. *McKeown, 6 Stew. Eq. 384; Persons* v. *Persons, 10 C. E. Gr. 250; Cutler* v. *Tuttle, 4 C. E. Gr. 549; Johnson* v. *Dougherty, 3 C. E. Gr. 406; Jamison* v. *Miller, 12 C. E. Gr. 586; 4 Kent's Com. (10th ed.) 340; Philips* v. *Brydges, 3 Ves. 127; Osborn* v. *Osborn, 2 Stew. Eq. 385; Farmer* v. *Farmer, 12 Stew. Eq.*

*211 ; Houston* v. *Houston, 12 Stew. Eq. 146 ; Cuming* v. *Robins, 12 Stew. Eq. 46.*

*Mr. Lewis Van Blarcom, contra.*

The opinion of the court was delivered by

Depue, J.

The bill in this case was filed by the respondent for the partition of lands whereof Susan Flock died seized, among her heirs-at-law. From a decree ordering a sale of the lands and a distribution of the proceeds among the heirs in the shares set out in the bill, the appellants appealed, and have assigned as grounds of appeal the following reasons :

*First.* That the vice-chancellor refused to dismiss the complainant's bill because the replication was filed out of season.

The answer was filed March 15th, 1884. The replication was not filed until October 25th, 1884. The allowance of further time for filing pleadings, or permitting a pleading filed out of season to stand, is wholly discretionary ; and an order resting entirely in discretion is not the subject of appeal. *In re Anderson, 2 C. E. Gr. 536.* In the next place, " an order, to be appealable, must go, to some extent, to the merits of the controversy, or substantially affect the legal or equitable rights of the party appealing." *C. & A. R. R. Co.* v. *Stewart, 6 C. E. Gr. 484, 488.* In *Stevens* v. *Stevens, 9 C. E. Gr. 576,* the chief-justice mentions, among the orders clearly not appealable, all the ordinary orders made in the progress of the suit, for the purpose of putting the case fairly at issue, obtaining the requisite evidence and affording the parties a hearing, and he adds that " no one pretends that any orders of this kind will form a basis for an appeal."

*Second.* That the complainant's title was in dispute, and that, therefore, it was erroneous for the court of equity to proceed with the partition.

The bill admits that Mrs. Read is entitled to four equal sixty-fourth parts of the premises, as one of the heirs-at-law of Susan

Flock. She claims to be the owner of the entire estate in the premises under a deed of conveyance to her made by John Flock, bearing date July 10th, 1879.

The premises were conveyed to Susan Flock and Isaac F. Read by Wesley Vass, the former owner, by a deed dated December 30th, 1865, and Read conveyed his estate to Mrs. Flock by a deed dated December 21st, 1869. Mrs. Flock died June 22d, 1879, seized of the entire estate in the premises, and intestate. This is the title set out in the complainant's bill.

John Flock, who was the husband of Susan Flock, had no legal title in the premises, except as tenant by the curtesy. He died on the 2d of November, 1880, and his estate, as tenant by the curtesy, ended at his death. Mrs. Read claims that John Flock paid the consideration-money of the purchase from Vass, and thereupon she contends that there was a resulting trust in his favor, and that she succeeded to his equitable estate in virtue of the deed from Flock to her.

The rule that a court of equity will not make partition where the title is in dispute, but will either direct an issue to try the title or let the cause stand over until the title shall be determined by an action at law, applies only where the dispute is with respect to legal title. Where a defendant in a partition suit in chancery sets up an equitable title to the entire estate in the premises, or impeaches the complainant's title on equitable grounds, there is no need to suspend the partition suit until the title shall be settled. A court of equity is the appropriate tribunal to pass upon such a title, and it will decide all disputes concerning it in the partition suit, and grant relief accordingly. *3 Pom. Eq.* § *1385; 1 Story Eq.* § *653; 2 Lead. Cas. in Eq. 903; Coxe* v. *Smith, 4 Johns. Ch. 271; Lucas* v. *King, 2 Stock. 277; Obert* v. *Obert, Id. 98, 102; S. C., on appeal, 1 Beas. 423, 426.*

*Third.* That the vice-chancellor erred in deciding that Mrs. Read's claim of title to the whole estate was not sustained.

If it be assumed that John Flock paid the consideration-money for the conveyance to his wife, the evidence is not sufficient to raise a resulting trust in his favor.

Where, upon the purchase of property, a conveyance of the

legal estate is taken in the name of one person and the consideration of the purchase is paid by another—the parties being strangers to each other—a presumptive or resulting trust immediately arises in virtue of the transaction, and the legal estate will be held in trust for the person by whom the purchase-money was paid, unless the presumption of a resulting trust be overcome by proof that it was the intention of the party from whom the consideration proceeded that the person to whom the conveyance was made should take beneficially. *Hill on Trustees 92, 94, 97*. But where the parties hold to each other the relation of parent and child, or husband and wife, a contrary rule prevails. Where a parent or husband pays the consideration of the purchase of lands, and ·has the conveyance made to a child or wife, no resulting trust will arise from the payment of the consideration. In such cases the presumption is that an advancement or settlement was intended, and a resulting trust will not arise unless the presumption that the transaction was intended to be a gift be overcome by proof. *Hill on Trustees 97, 98 ; 1 Lead. Cas. in Eq. 216, 217, 345 ; Peer* v. *Peer, 3 Stock. 432 ; Persons* v. *Persons, 10 C. E. Gr. 250.*

The proof which shall raise a resulting trust, or rebut the presumption of a gift or settlement in the case of a child or wife, must be of facts antecedent to or contemporaneous with the purchase, or else immediately afterwards, so as to be, in fact, part of the same transaction ; a resulting trust cannot be raised from matters arising *ex post facto*. *1 Lead. Cas. in Eq. 223 ; Cutler* v. *Tuttle, 4 C. E. Gr. 549.* It is also well settled that the proof which shall rebut the presumption of a gift in favor of a child or wife, shall be equally satisfactory and explicit with the proof required to establish a resulting trust ; the circumstances relied on must be convincing, and leave no reasonable doubt as to the intention of the party. *Peer* v. *Peer, supra.* There is no such proof in this case. On the contrary, the evidence tends strongly to sustain the presumption that when Flock paid the consideration of the purchase from Vass, and procured the conveyance of the premises to his wife, he intended it to be a gift to her. The decree should be affirmed.

*Decree unanimously affirmed.*