The surrogate of Essex county denied the petition of Jane Kellner to vacate the probate of the will of William H. Kellner, deceased. Thereafter, on a petition suggesting that new evidence might be produced as a basis for revoking the probate, the surrogate ordered that there be a "rehearing and reargument" on Miss Kellner's petition and that the newly discovered evidence to be adduced, should be confined to the facts alleged in the last petition. From this order, an appeal is taken. The respondent moves to dismiss the appeal on the ground that the order is not appealable.
Chief-Justice Beasley, in Camden and Amboy Railroad, c., Co.
v. Stewart, 21 N.J. Eq. 484, said: "All persons will probably admit that an order which does not, in any degree, reach to the merits of the controversy or affect the substantial rights of a litigant, does not belong to the appealable class of orders."
To the same effect are Garr v. Hill, 5 N.J. Eq. 639,Attorney-General v. Paterson, 9 N.J. Eq. 624, 630; Coryell *Page 594 
v. Holcombe, Idem 650, and Read v. Huff, 40 N.J. Eq. 229.
In Stevens' Ex'x v. Stevens' Ex'rs, 24 N.J. Eq. 574, it is said that among the class of orders which are not appealable, "are all the ordinary orders made in the progress of the suit for the purpose of putting the case fairly at issue, obtaining the requisite evidence and affording the parties a hearing." And inIn re Doland, 69 N.J. Eq. 802, it was decided that an order of the orphans court for an attachment in contempt issue, although it had the effect of determining that the appellant was apparently guilty, was not subject to appeal because it did not finally determine the question of her guilt but left it open until a further hearing.
The order before me determines nothing; it does not annul the probate or vacate the order dismissing Miss Kellner's first petition. It does not affect the rights of any party or touch the merits of the controversy which is whether the probate was fraudulent.
The appeal will be dismissed. *Page 595